Bessie D. **NEWBERRY**, Petitioner,

v.

Nathan H. **COHEN** et al., Respondents.

Bessie D. **NEWBERRY**, Appellant,

v.

Nathan H. **COHEN** et al., Appellees.

Nos. 20359, 20412.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 15, 1966.

Decided Feb. 6, 1967.

L. J. H. Herwig, Washington, D. C., for petitioner in No. 20,359 and appellant in No. 20,412.

Margaret A. Haywood, Washington, D. C., for appellee, Monarch Const. Corp.

Roger M. Whelan, Washington, D. C., with whom Alfred S. Fried, Riversdale, Md., was on the brief, for appellees Lapin and Empire Realty Service, Inc.

Wm. A. Glasgow, Washington, D. C., entered an appearance for appellee Union Trust Co. of District of Columbia.

Before PRETTYMAN, Senior Circuit Judge, LEVENTHAL,. Circuit Judge, and COFFIN,* Circuit Judge of the United States Court of Appeals for the First Circuit.

LEVENTHAL, Circuit Judge:

Although appellant's brief sets forth seven "questions presented", some of which go to the merits of a case as yet untried, and others of which concern a case not before us,[1] we find but a single issue presented by this appeal: whether, under circumstances outlined below, the District Court erred in refusing to reinstate appellant's action which had been dismissed under its Local Rule 13.[2] We reverse and direct that the action be reinstated.

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1964).

1. The only issues properly before us arise out of the dismissal of District Court Civil Action 2313–64, which has been appealed to this court and assigned docket No. 20412. The parties have also briefed and argued questions said to be presented in District Court Civil Action 1722–66, a suit commenced by appellant shortly after dismissal of the case being appealed and alleging substantially similar claims. The parties treat our case No. 20359 as an appeal from the District Court's denial of a preliminary injunction in Civil Action 1722–66, but no notice of appeal was ever filed in that action, and consequently we have no jurisdiction in that matter. Rather, No. 20359 is a proceeding commenced in this court under the All Writs Statute, 28 U.S.C. § 1651(a) (1964), in which we granted appellant's motion for an injunction *pendente lite* to keep the parties in statu quo during our disposition of No. 20412, the appeal of Civil Action 2313–64. The parties have

not addressed themselves on this appeal to the question of what disposition should be made of the injunction issued in No. 20359, in the event the judgment appealed from in No. 20412 is reversed. The injunction will continue in effect subject, however, to the right of any party to move for its dissolution upon reasonable notice setting forth the reinstatement of Civil Action 2313–64 in the District Court pursuant to our remand in No. 20412.

2. The District Court's Local Rule 13 provides in pertinent part:

"(a) Dismissal Without Prejudice; Notice of; Warning. If a party seeking affirmative relief fails for six months from the time action may be taken to comply with any law, rule or order requisite to the prosecution of his claim, or to avail of a right arising through the default or failure of an adverse party, or to take other action looking to the prosecution of his claim, or to file a certificate of readiness under Rule 11(d) within six months of the date the action is called on the call of the civil calendar, the complaint

In 1964, appellant entered into a series of agreements for the conversion of her home and garage and the installation of an "American Towne House Front." Claiming to have been defrauded in various ways, appellant brought an action on September 19, 1964, against six defendants, some individuals and some corporations, seeking damages for fraud and deceit. The complaint was subsequently amended to seek, in addition to money damages, rescission and cancellation of the agreements and other equitable relief. Four of the defendants answered the amended complaint in March 1965.[3] The case became ensnarled in a welter of motions and pleadings.

As appellees see it, the case is quite simple. A motion to dismiss for failure to prosecute that was filed by appellee Monarch Construction Co. (on July 16, 1965) was denied by the District Court (in October 1965). Thereafter, on April 28, 1966, after a warning notice had been transmitted to the appellant's counsel, a dismissal of appellant's case was duly noted "in accordance with the requirements of Local Rule 13." Quoting from the brief of appellee Monarch—

> From July 1965, until March 1966, no significant action was taken by appellant, and specifically within the next preceding six months prior to April 28, 1966, no action was taken. The Clerk's 30-day notice of impending dismissal under Rule 13, Local Civil Rules, was issued in March 1966, and when, by April 28, 1966, there still had been no further action, the complaint was dismissed.

However, upon delving into the file, we see that action was taken by appellant. Subsequent to the July 1965 date referred to by appellee Monarch, appellant, on October 11, 1965, filed a motion to compel Monarch to answer interrogatories previously transmitted.

On October 28, Monarch's attorney purported to answer these interrogatories as Monarch's "agent", but left unanswered the bulk of appellant's queries, pleading lack of personal knowledge. This attorney, be it noted, is the statutory registered "agent" of that company.

On November 3, appellant filed a motion seeking an order requiring that the interrogatories be directed to a proper corporate agent. On January 3, 1966, before the District Court ruled on this motion, counsel for Monarch filed with the Clerk of the District Court a standard praecipe form, filled in by hand to read as follows.

> The Clerk * * * will please enter the following stipulation: that defendant Monarch Construction Corporation's attorney agrees to submit plaintiff's interrogatories now pending to an officer of said Monarch Construction Corporation, and to have such officer answer same, subject to appropriate objections, if any.

Insofar as the record shows, this was never done. In March 1966, the Clerk sent a notice of impending dismissal under Rule 13—according to appellee Monarch's brief, for the notice is not in the District Court file. In April 1966 appellant filed a motion to compel Monarch to answer the interrogatories; this motion was filed April 1, and served by mail on April 12. On May 3, 1966, the Clerk entered a form "notation of dismissal" under Local Rule 13, dismissing the action "for failure to prosecute, as of 4–28–66." On May 6, appellant moved to reinstate the cause of action contending, *inter alia*, that the steps which she

---

* * * shall stand dismissed without prejudice, whereupon the Clerk shall make entry of that fact and serve notice thereof by mail upon every party not in default for failure to appear, of which mailing he shall make an entry. One month prior to the termination of the six month period the Clerk shall warn the dilatory party by mail that his claim will stand dismissed if he fails to comply with this rule, making an entry in the docket of the mailing.

"(b) Failure to Warn; Effect. A failure of the Clerk to give the warning as above provided will not affect the running of the six month's period or otherwise relieve a party from operation of this rule."

3. Not all of the named defendants have been served with process.

had taken to have Monarch answer the interrogatories constituted "other action looking to the prosecution of [her] claim" within the meaning of Rule 13, *supra* note 2. The District Court denied the motion and denied a motion for reconsideration. Appellant timely noted an appeal.

Where there is a genuine dispute concerning material facts, the philosophy of the federal rules of procedure favors trial on the merits in contradistinction to judgments by default. See Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 364 F.2d 692, 694 (1966). The District Judge made no findings when he denied the motion to reinstate. Had such findings been made, the question would have been whether the District Judge exceeded the bounds of sound discretion in exercising the inherent power of the court to dismiss an action for lack of prosecution. See Slavitt v. Meader, 107 U.S.App.D.C. 396, 397, 278 F.2d 276, 277, cert. denied, 364 U.S. 831, 81 S.Ct. 70, 5 L.Ed.2d 57 (1960).[4] Here the case was automatically terminated by the operation of Rule 13, the Clerk merely making an "entry of that fact." This termination was error, for the filing of the motion to compel answers to interrogatories constituted "other action looking to the prosecution of [her] claim" within the six month period. The Clerk may be given the ministerial function of noting the dismissal of an action when nothing has happened within six months, but only the informed discretion of a judge can terminate a lawsuit while a plaintiff's discovery motion is pending. Consequently, the court below should have granted appellant's motion to reinstate her cause.

This opinion does not negative the power of a trial court to expunge a claim for reasons other than those embraced in Local Rule 13. But here the record reveals neither notice that dismissal was proposed on another ground, nor findings relating to another ground. Indeed there were no findings. The court may have been misled into assuming that Rule 13 was applicable because of Monarch's Opposition to the Motion to Reinstate which completely ignored the pendency, within the six-month period, of the interrogatories to Monarch, and Monarch's lack of response.[5] Also unexplained was the failure to perform the obligation accepted in the January 3 stipulation.

Our order of reversal in no way augurs a pledge on our part, or a duty on the District Court, to insulate appellant and her lawyer from the demands of legal administration. In his motion to reinstate, appellant's counsel—who stated that it was due to his illness that he failed to respond earlier to the Clerk's notification—asked that another attorney be appointed amicus curiae to help him, as another district judge had done in a related litigation. We are not called upon to consider either that request, or the question whether or in what way appellant or her counsel may

---

4. Even were we to assume that the refusal to reinstate the dismissed action was, in effect, a *sua sponte* dismissal for failure to prosecute, it would be difficult to avoid the conclusion that the judge's discretion was abused. The entire case was only about nineteen months old, and the amended complaint, which significantly altered the relief sought, was only thirteen months old. While many of appellant's pleadings may have been unnecessary and confusing, there is no contention that the matter was allowed to stagnate. While the judge might well have imposed a curfew on further discovery and ordered appellant to trial, it is difficult to understand how outright dismissal could be sustained.

5. That opposition stated:
   "6. Plaintiff's claim that discovery is not complete is no basis for her Motion. She has failed to prosecute diligently her quest for discovery and by so doing, has allowed her case to lay in the files of court. On December 31, 1965, Nathan H. Cohen [an unserved defendant] resigned as President of Monarch Construction Corporation whereupon he ceased to have any responsibility to the company, and as plaintiff well knows, the company has not been doing any business since long before that date. Knowing this, plaintiff should have taken other steps to enforce discovery within a time schedule to show diligence in prosecution of her case."

be required by the court to proceed differently in the future than in the past. It suffices here that the automatic dismissal by the Clerk must be set aside.

Reversed and remanded for further proceedings not inconsistent with this opinion.