David ZAROFF, Appellant,

v.

Talley R. HOLMES et al., Appellees.

No. 19983.

United States Court of Appeals
District of Columbia Circuit.

Argued March 8, 1967.

Decided May 18, 1967.

Petititon for Rehearing En Banc and for
Rehearing before the Division
Denied July 21, 1967.

Mr. Robert M. Price, Washington, D. C., for appellant. Mr. Herman Miller, Washington, D. C., also entered an appearance for appellant.

Mr. George H. Windsor, Washington, D. C., with whom Mr. George E. C. Hayes, Washington, D. C., was on the brief, for appellees.

Before FAHY,* BURGER and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge:

■ This appeal presents a question as to the proper construction of Local Rule 12 of the District Court. It challenges an award in that court of summary judgment to appellees upon their contention that a dismissal of an earlier suit was with prejudice, and therefore was *res judicata* of the merits of the pending action. The earlier dismissal was for want of prosecution in that counsel for appellant failed to appear at a pretrial conference. Since it is undisputed that no blame of any kind attached to appellant for this failure, and since Local Rule 12 does not expressly state that dismissals pursuant to it are with prejudice, we do not view it as requiring the result reached by the District Court.

I

In 1963 appellant brought a civil action in the District Court against appellees. When, on April 10, 1964, his first counsel withdrew, appellant immediately retained a new lawyer who entered his appearance the following day and, within two months, filed a certificate of readiness. Not long after this, however, the new lawyer suffered a final criminal

* Circuit Judge Fahy became Senior Circuit Judge on April 13, 1967.

conviction in the Maryland courts, and his attention appears to have been diverted from appellant's affairs. In particular, he failed to respond to a notice of pre-trial hearing; and, on September 11, 1964, the pre-trial examiner entered an order dismissing the complaint. Appellant knew nothing of the pre-trial conference, nor of the dismissal order. When his counsel terminated his practice finally in January, 1965, appellant asked that all pending matters be turned over to counsel who appeared for appellant in this appeal. That lawyer knew nothing of the suit terminated as above described, nor did he find out about it until appellant saw the property involved advertised for foreclosure, and inquired of counsel as to the status of the suit.

Counsel promptly filed a new action founded upon the same circumstances. It was this complaint which was met with the defense of *res judicata*, and the reinstatement of which is the object of the appeal before us.

## II

Pre-trial in the District Court is the subject of Local Rule 12. Paragraph (b) of that rule is addressed to default in observance of the prescribed procedure; and, in relevant part, it provides that "if counsel for plaintiff fails to appear at the time set for pre-trial hearing before the Pre-trial Examiner, the Examiner shall enter his default." It was in response to this provision that the Pre-trial Examiner entered the order of dismissal set forth in the margin.[1] There is no rule provision assuring examination of this action by the Pre-trial Judge, inasmuch as paragraph (f) of Local Rule 12 provides that, unless counsel files written objections within five days, the order signed by the Pre-trial Examiner or Assistant Pre-trial Examiner "shall become the order of the court."[2]

The silence of Local Rule 12 on the question of whether a dismissal order of the kind here involved is with or without prejudice is in sharp contrast with Local Rule 13. That rule bears the title, "Dismissal For Failure To Prosecute." Paragraph (a) provides that where a claimant fails for six months to comply with any requirement relevant to the prosecution of his claim, or to take other action to move his claim towards judgment, the Clerk shall enter an order that the claim stands "dismissed without prejudice." It may be that the District Court regarded dismissal for failure to appear at pre-trial as a special instance of dismissal for want of prosecution, and intended the characterization of "without prejudice" contained in Rule 13 to apply to it. This would explain the omission of any characterization whatsoever from Rule 12. And it does seem somewhat anomalous that failure to take litigating steps of the consequence contemplated in Rule 13 should entail a dismissal without prejudice, whereas a pre-trial lapse under Rule 12 should forfeit the claim.

1. "Cause Dismissed For Want of Prosecution.

This cause being duly assigned for pretrial this 11th day of September, 1964, and the same having been called and no response thereto having been made by plaintiff, and no pretrial statement having been filed.

It is ordered that this cause be, and the same hereby is dismissed for want of prosecution.

WHEREFORE, it is adjudged that plaintiff take nothing by [this] action, that defendant go hence without day, be for nothing held, and recover of plaintiff his cost of defense."

2. Since no provision is made for notifying the client, as distinct from counsel, of either the calling of a pre-trial conference or of a default by counsel in appearing at it, it is possible, as in the present case, for an automatic order of dismissal to be entered by the Pre-trial Examiner, which order will (1) become the order of the District Court without being brought to the attention of any judge thereof and (2) never be made known to the client. It is worth remarking that, had the pre-trial conference been presided over by the Pre-trial Judge, nothing in the local rules *requires* him to dismiss, either with or without prejudice, for failure of counsel to appear.

■ There is, in any event, nothing before us to indicate that this seeming disparity in treatment was by design.[3] The local rules in their present condition are, at best, ambiguous; and we are not prepared, in the circumstances of this case, to resolve that ambiguity against appellant.

■ Appellees point to Rule 41(b) of the Federal Rules of Civil Procedure, which deals with dismissals for want of prosecution and which provides that, unless the court otherwise specifies in its order, a dismissal shall operate as an adjudication on the merits. It is urged that this requires the order of dismissal in this case to be treated as prejudicial in nature, with appellant remitted to Federal Rule 60(b) for relief against it because of excusable neglect. We note only in passing that the one-year limitation period of Rule 60(b) had run before appellant learned of the dismissal of his suit, but, in any event, we do not regard Rule 41(b) as dispositive of the construction properly to be placed upon Local Rule 12.[4] It is the latter which governs in this instance; and if it is to have the effect claimed for it, it should speak much more clearly to that end than it does now.

The judgment appealed from is

Reversed.

BURGER, Circuit Judge (concurring):

FED.R.CIV.P. 41(b) provides for dismissal of an action for failure "to prosecute or to comply with these rules or any order of court" and states that, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule * * * operates [sic] as an adjudication upon the merits." For the court to "specify" that dismissal is to be *without* prejudice it must make a clear statement to that effect. Neither Local Rule 12 of the District Court nor the order dismissing Appellant's case *specified* that the dismissal was without prejudice. Judge McGowan's discussion demonstrates that the District Court by its rule did not decide affirmatively to rebut the assumption of Rule 41(b) that dismissals are with prejudice; hence Rule 41 by its terms requires that the dismissal here was with prejudice.

---

3. Appellees make the point that Local Rule 12 is concerned with a default in the period following the filing of a certificate of readiness, whereas Local Rule 13 deals with the pre-readiness period. This latter characterization appears, however, to be only partly true; and, thus, it affords no clear-cut sign that the District Court consciously differentiated between the two for this reason. The District Court, of course, has some latitude in the fashioning of local rules. Rule 83, FED.R.CIV.P. But when the District Court decides that the drastic sanction of dismissal with prejudice is important, it seems likely that it would employ precise and unmistakable language to embody this result.

4. It is interesting to note that, in construing Rule 41(b) itself, the Supreme Court was at some pains to make clear that it was not upholding a dismissal with prejudice under that rule *solely* because of the failure of counsel to appear at a pre-trial conference. Justice Harlan, writing for the Court in Link v. Wa-

bash R.R., 370 U.S. 626, 633–634, 82 S. Ct. 1386, 1390, 8 L.Ed.2d 734 (1962), said:

> On this record we are unable to say that the District Court's dismissal of this action for failure to prosecute, as evidenced only partly by the failure of petitioner's counsel to appear at a duly scheduled pretrial conference, amounted to an abuse of discretion. * * *
>
> * * * * *
>
> We need not decide whether unexplained absence from a pretrial conference would *alone* justify a dismissal with prejudice if the record showed no other evidence of dilatoriness on the part of the plaintiff. For the District Court in this case relied on *all* the circumstances that were brought to its attention, including the earlier delays.

And see Meeker v. Rizley, 324 F.2d 269, 271–272 (10th Cir. 1963), where the court held it an abuse of discretion for the district court to dismiss with prejudice because of a failure to appear at a pre-trial conference.

However, I reach the same result as the majority since it seems clear that Local Rule 12 is inconsistent with Rule 41(b) in providing for dismissal by pre-trial examiners and is therefore invalid.[1] It is well established that under Rule 41(b) the District Judge has the discretionary power to dismiss an action and that he may do so with or without prejudice.[2] Local Rule 12, however, provides that if plaintiff's counsel fails to appear at a pre-trial hearing before a pre-trial examiner, "the Examiner *shall* enter his default."[3] At the same time, Local Rule 12 provides that if counsel fails to appear before a pre-trial Judge, the Judge "*may* act as in the case of non-appearance for final trial."[4] Local Rule 12 thus seems to require dismissal of the action when counsel fails to appear before a pre-trial examiner, leaving no room for the exercise of judgment with regard to the justice of that drastic action in a given case. I see no warrant in Rule 41(b) for establishing mechanical substitutes for the exercise of discretion contemplated by that rule or for the District Judge's abdicating their responsibility or delegating it to a non-judicial officer.[5] Trials on the merits are favored,[6] and the decisions involved in the application of Rule 41(b) can determine whether a litigant will have his day in court. There is nothing to indicate that Rule 41(b) permits this important matter to be delegated to non-judicial personnel.[7]

The provision in Local Rule 12 for a District Judge's review of a pre-trial examiner's order is not an adequate substitute for the judicial exercise of discretion, especially since review is available only if objections are filed within five days. As this case indicates, a party who has missed a pre-trial hearing is likely to be unaware of his omission and the consequences of it for more than five days.

Irrespective of the status of the pre-trial examiner's dismissal, I would remand to permit Appellant to move under FED.R.CIV.P. 60(b) (6) to set aside the judgment in the interests of justice. Appellant's counsel allegedly missed the pre-trial conference because during the fall in which the conference was scheduled he was "preoccupied" with preparing a petition for certiorari to the Supreme Court for review of his own criminal conviction. While as a rule a client must bear the consequences of the acts or omissions of his attorney, whom he chose,[8] I do not believe that a client should be held to anticipate that his counsel may be in durance vile or seeking to fend off that condition.

I would remand the case to permit Appellant to invoke the District Court's discretion under Rule 60(b) (6) and to demonstrate that he did not know his attorney was involved in criminal proceedings and that this attorney was so overwhelmed by the consequences of his own criminal litigation that he overlooked his

1. FED.R.CIV.P. 83.

2. *E.g.*, Link v. Wabash R.R. Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Grunewald v. Mo. Pac. R.R. Co., 331 F.2d 983 (8th Cir. 1964).

3. Emphasis added.

4. Emphasis added.

5. See Newberry v. Cohen, No. 20,359, Feb. 6, 1967, 126 U.S.App.D.C. 106, 374 F.2d 320.

6. *E.g.*, Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 364 F.2d 692 (1966).

7. Local Rule 13, providing for automatic dismissal without prejudice for failure to

prosecute, seems to suffer from a similar infirmity as Rule 12 since it makes no provision for court participation in the dismissal. I do not consider dismissal, even without prejudice, for failure to prosecute as "ministerial"; there may well be circumstances which justify the delay, and a plaintiff should have the opportunity to present these to the court. *But see* Newberry v. Cohen, No. 20,359, Feb. 6, 1967, 126 U.S.App.D.C. 106, 374 F.2d 320.

8. Link v. Wabash R.R. Co., 370 U.S. 626, 633–634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

client's business as a result.[9] Such a motion is still open to Appellant; motions under Rule 60(b) (6) must be made in a reasonable time, but need not be made within one year.

9. This case illustrates the hazards inherent in the dubious practice of permitting a lawyer to continue in practice after a felony conviction, which is per se grounds for disbarment. A lawyer convicted of a felony should suspend all his appearances for clients.