Mark **KOCENKO** et al., Plaintiffs,

v.

William **BUSKIRK**, Defendant.

Civ. A. No. 71–1850.

United States District Court,
E. D. Pennsylvania.

Aug. 1, 1972.

---

Martin H. Philip, John M. Yarema, Allentown, Pa., for plaintiffs.

Butz, Hudders & Tallman, Allentown, Pa., for defendant.

### MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Plaintiffs filed this personal injury action on July 22, 1971 alleging extensive injuries as the result of an automobile collision. Service was made on August 18, 1971,[1] and a return of service filed with the Clerk of the Court. On September 14, 1971, Attorney Charles H. Spaziani entered his appearance for the defendant. On June 14, 1972, the firm of Butz, Hudders and Tallman were requested to enter their appearance on behalf of the defendant and on that date filed an Answer to the Complaint. On that same day, June 14, 1972, the plaintiffs moved for entry of default. On June 26, 1972, plaintiffs moved for leave to file a reply to defendant's answer un-

der F.R.Civ.P. Rule 7(a) and such leave was granted.

The plaintiffs in their reply now seek to have defendant's answer stricken and declared null and void, and a judgment by default entered.[2] The basis for plaintiffs' claim is that the defendant's answer was not filed until approximately ten months after the complaint was served, and that no stipulation allowing an extension of time to file an answer to plaintiffs' complaint was entered into between attorneys for the plaintiffs and attorneys for the defendant.[3]

■ Defendant in his reply to plaintiffs' reply to the answer sets forth an affidavit by Charles H. Spaziani, defendant's first attorney. This affidavit states among other things that, "It was my understanding with Mr. John M. Yarema (attorney for the plaintiff) that there was an extension of time without formal stipulation being necessary since this is the manner in which attorneys in Northampton County act with one another at all times.". Mr. Spaziani further states, ". . . that Mr. Buskirk (defendant) was still treating and would require an operation and (sic) before a proper answer and counterclaim could be filed, I had to wait for the medical information.". The fact that the defendant was still undergoing treatment should have had no bearing on the filing of a counterclaim because the defendant could have alleged future and continuing damages in the counterclaim. A policy to wait for certainty before bringing an action or counterclaim must be highly frowned upon by this Court. Attorneys must evaluate their client's claims at the earliest possible time and act accordingly, thereby reaching a prompt adjudica-

---

1. Service was made pursuant to F.R.C.P. 4(c) under order of U. S. District Judge John P. Fullam, specifically authorizing Robert J. Ringer to serve the Complaint.

2. The Court will consider this reply as a motion to enter judgment by default.

3. There may have been no stipulation to extend time between the plaintiffs and defendant's present attorneys, Butz, Hudders and Tallman, but plaintiffs are not denying that there may have been an agreement with Mr. Spaziani, defendant's former attorney.

tion of the controversy which is in the best interest of all concerned.

 It must be noted from the outset that this Court does not condone a delay of ten months in the filing of an answer. Nor can the Court condone the waiting of ten months to seek an entry of default, or seek a procedure to require the defendant to answer. If an extension of time is necessary the local rules for this Court provide for such an extension, Rule 17(b), and a further extension, if reasonable, upon the approval of the Court, Rule 17(b). The Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Pennsylvania apply and not the practice in Northampton County. Anything less would totally destroy the uniformity of Federal practice.

The facts of the case show that the answer and the request to enter a default were filed with the Clerk on the same day. The answer, however, was filed as document number six and the request to enter a default number seven; therefore, the answer must be considered as being filed first. If there is any merit in the defendant's position it is that the answer was filed first.

The grant or denial of a motion for the entry of a default judgment is within the discretion of the trial court. United States ex rel. Houghton v. Scranton, 257 F.Supp. 557 (E.D.Pa.1966), aff'd 379 F.2d 556 (3rd Cir., 1967). In the exercise of that discretion, the philosophy of the Federal Rules of Procedure favors trial on the merits in contradistinction to judgments by default. Newberry v. Cohen, 126 U.S.App.D.C. 106, 374 F.2d 320 (1967); Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 364 F.2d 692 (1967). We must look to that policy not only when a petition to vacate a default judgment is presented to the court, but also when deciding the approval or denial of an entry of default as presented here.

While as previously stated the Court can in no way condone the inordinate delay which has attended the defendant's filing of an answer in this action, we nevertheless are guided by the conscience of the Court to seek disposition of cases on the merits. This decision is further supported by the fact that an answer was filed of record prior to the request for entry of default being filed of record.

Therefore, plaintiffs' reply which this Court shall consider as a motion for entry of default is denied, and the parties are put on notice that any further delays will require this Court acting sua sponte to impose sanctions.