**Charles NAGLE, Plaintiff-Appellant,**

v.

**Harry LEE, Sheriff of Jefferson Parish State of Louisiana, Lt. Clifford Montecino, Detective Patricia Laura, Deputy John Doe, et al., Defendants-Appellees.**

No. 85–3604
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1987.

Craig J. Hattier, New Orleans, La., for plaintiff-appellant.

Fred Schroeder, Lee, Martiny & Caracci, Metairie, La., for defendants-appellees.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Charles Nagle filed a civil rights suit alleging that he was physically and verbally abused by officers of the Jefferson Parish, Louisiana, Sheriff's Office after his arrest at a Mardi Gras celebration. His suit was subsequently dismissed by the district court on the ground of failure to prosecute. On the same day Nagle instituted a second suit in which he again alleged that his civil rights had been violated by officers of the Jefferson Parish Sheriff's Office following his arrest. Nagle's second suit was also dismissed by the district court, this time on the ground that the dismissal of Nagle's first suit for failure to prosecute constituted a dismissal on the merits under Fed.R.Civ.P. 41(b) and, therefore, had the res judicata effect of barring Nagle's second suit. For the reasons stat-

ed below, we reverse and remand in part and affirm in part.

## I.

On February 14, 1984, Nagle filed a civil rights suit based upon 42 U.S.C. § 1983 against Jefferson Parish Sheriff Harry Lee, Deputy Sheriffs "John Smith" and "John Doe," and "ABC Insurance Co.," their alleged insurer. Nagle alleged that on February 15, 1983, "Doe" arrested him and then beat him; later "Smith" allegedly beat and cursed him. Nagle further alleged that Sheriff Lee had been negligent in that he knew or should have known that "Doe" and "Smith" were prone to acts of violence, and that Lee also was liable because of other unspecified acts of negligence. Nagle sought money damages against all defendants "jointly, severally and in solido."

The district court dismissed this suit by a minute entry order of January 17, 1985, for failure to prosecute. The order did not specify, however, whether the dismissal was with or without prejudice. Nagle did not file a motion for reconsideration of the dismissal, nor did he perfect an appeal.

On the same day that the district court dismissed Nagle's first suit, he filed the complaint in the instant suit. The complaint is substantially the same as the complaint in the first suit except that it substituted as defendants Deputy Patricia Laura (Laura) for "Doe" and Lt. Clifford Montecino (Montecino) for "Smith" and it also added as defendants a new "John Doe," the State of Louisiana, and Jefferson Parish. The complaint also alleged that Sheriff Lee was liable only under the doctrine of respondeat superior. Nagle later amended his complaint to allege additional claims based on the incident, to add other deputy sheriffs as "John Doe" defendants, and to expand his liability theories.

Defendants filed their joint answer denying liability and asserting the special defense of prescription (statute of limitations). The district court subsequently granted Jefferson Parish's unopposed motions to dismiss; the court also dismissed the State of Louisiana on Nagle's motion.

Sheriff Lee and Officers Laura and Montecino then moved to dismiss the suit on grounds of res judicata. In their memorandum in support of the motion they also urged that as to Officers Laura and Montecino, Nagle's suit had prescribed under applicable Louisiana law. They attached copies of the minute entry dismissing Nagle's previous section 1983 suit against Sheriff Lee and the "John Doe" defendants and the complaint itself. At the hearing on the motion Nagle's lawyer argued that the res judicata affirmative defense could not be maintained because it had not been raised in the defendants' answer as required by Fed.R.Civ.P. 8(c). Defense counsel responded that res judicata had been raised by the answer's allegation that the action had prescribed and also offered to amend the answer to allege res judicata as a defense.[1]

The district court ruled that under rule 41(b) the dismissal of Nagle's first suit was an adjudication on the merits because the order of dismissal did not specify otherwise and thus was a bar to Nagle's present action. Accordingly, the court granted the defendants' motion and dismissed Nagle's second suit. Nagle then perfected this appeal.

## II.

We first consider, as we must, our jurisdiction over this appeal. *See Huff v. International Longshoremen's Association, Local No. 24,* 799 F.2d 1087, 1088 (5th Cir.1986) (court's threshold issue on appeal is always jurisdiction). ABC Insurance Company (ABC) was again named as party defendant in Nagle's second suit. However, the record does not reflect that service of process was issued and obtained on or that any appearance was made for this defendant, nor does the record reflect that the district court ever disposed of Nagle's

---

1. Nagle filed a memorandum in opposition to the motion in which he argued his suit had not prescribed; he did not, however, address or oppose the res judicata defense.

suit as to ABC. Since we are a court of limited jurisdiction, *see Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981), the failure of the district court to dispose of ABC imposes on us the duty to determine whether we have jurisdiction over this appeal, even though the parties have not raised the issue. *Cuevas v. Reading & Bates Corp.,* 770 F.2d 1371, 1375 (5th Cir.1985); *Koke v. Phillips Petroleum Co.,* 730 F.2d 211, 214 (5th Cir. 1984). Courts of appeal, have "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. An order is final only when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Ordinarily where an action involves multiple parties, a disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Fed.R.Civ.P. 54(b). *Thompson v. Betts,* 754 F.2d 1243, 1245 (5th Cir.1985); *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1374 (5th Cir.1980). No certification exists here.

■ However, since no service was obtained on ABC, nor did it make an appearance in the district court, ABC never became a party to Nagle's second suit. Thus it was not necessary for the district court to have disposed of Nagle's claims against ABC to make the judgment dismissing the second suit against the other defendants final and appealable. *Bristol v. Fibreboard Corporation,* 789 F.2d 846, 847 (10th Cir.1986); *Leonhard v. United States,* 633 F.2d 599, 608–09 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *De Tore v. Jersey City Police Employees Union,* 615 F.2d 980, 982 (3d Cir.1980).

Based upon the above principles, we conclude that we have jurisdiction to review Nagle's appeal of the order dismissing his second section 1983 action.

### III.

Turning to the merits of Nagle's appeal, we first address whether the district court should have considered the defendants' res judicata defense in dismissing Nagle's action. Nagle contends that the district court erred in dismissing his suit on res judicata grounds because the defendants failed to assert it as an affirmative defense in their answer as required by Fed.R.Civ.P. 8(c). In support of his position he relies on *Carbonell v. Louisiana Department of Health & Human Resources,* 772 F.2d 185 (5th Cir.1985). Such reliance is misplaced.

■ In *Carbonell* we did state that "under rule 8(c), Federal Rules of Civil Procedure, the defense of res judicata must be affirmatively pled. Generally this rule is strictly read and applied...." *Id.* at 189. This language does support Nagle's current contention. However, the court in *Carbonell* went on to observe that this circuit has recognized two exceptions to this rule which allow the trial or appellate court to raise the issue *sua sponte. Id.* at 189. In *Boone v. Kurtz,* 617 F.2d 435 (5th Cir.1980), we recognized one of the exceptions [2] when we held that the district court could sua sponte dismiss an action on res judicata grounds in the interest of judicial economy where the previous action had been brought before a court of the same district, even though the record contained neither the complaint nor the order of dismissal in the earlier action. *Id.* at 436. As in *Boone,* both cases filed by Nagle were before the Eastern District of Louisiana. *See also United Home Rentals v. Texas Real Estate Commission,* 716 F.2d 324, 330 (5th Cir.1983). Furthermore, the record contains copies of the complaint in Nagle's first suit and the minute-entry or-

---

**2.** The second exception allows a court to raise the res judicata defense on its own when all the relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata. *See American Furniture Co. v. International Accommodations Supply,* 721 F.2d 478, 482 (5th Cir. 1981).

der of dismissal of that suit.[3] Thus the district court's sua sponte consideration of the defendants' res judicata defense falls within the *Boone* exception.

Nagle argues that *Boone* "might be straying from the Rules of Civil Procedure too far." Regardless of Nagle's displeasure with *Boone,* we are bound by its dictates. Until overruled by the court en banc or the Supreme Court, *Boone* is the law of the circuit, and we are obligated to follow it. *E.g., Washington v. Watkins,* 655 F.2d 1346, 1354 n. 10 (5th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982).

In addition to the applicability of *Boone,* we also note that the defendants raised their res judicata defense in their motion to dismiss Nagle's second suit. Such a motion has been held sufficient to raise the plea of res judicata. *American Furniture Co. v. International Accommodations Supply,* 721 F.2d 478, 482 (5th Cir.1981); *see also Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir.1984) (although res judicata had been asserted by motion to dismiss rather than answer, a duty exists to affirm district court's judgment on any ground fairly supported by the record); *Jones v. Gann,* 703 F.2d 513, 515–16 (11th Cir.1983) (same); *Moch v. East Baton Rouge Parish School District,* 548 F.2d 594, 596 n. 3 (5th Cir.) (same), *cert. denied,* 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 132 (1977).

For these reasons, we conclude that the district court properly reached the defendants' defense of res judicata.

### IV.

Nagle next complains that the doctrine of res judicata should not have been applied to bar his second suit. He maintains that the first suit was not res judicata to the second because (1) the first dismissal was not a final order for purposes of res judicata; (2) the first dismissal, even if final, was not with prejudice; (3) the dis-

missal in the first suit, even if final and with prejudice, was an abuse of discretion; and (4) the dismissal of his second suit on the basis of res judicata is inequitable under Federal Rules of Civil Procedure.

### A.

Before addressing Nagle's specific complaints, we note the general rules for res judicata law in this circuit. We stated in *Stevenson v. International Paper Co.,* 516 F.2d 103 (5th Cir.1975):

> For a prior judgment to bar a subsequent action, it is firmly established (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits. [citation omitted]. If these elements are established, then the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect to every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. [citations omitted].

*Id.* at 108–09. *See also Nilsen v. City of Moss Point, Mississippi,* 701 F.2d 556, 559 (5th Cir.1983) (en banc); *Clark v. Amoco Production Co.,* 794 F.2d 967, 972 (5th Cir.1986); *Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 869 (5th Cir.1984).

Applying these criteria to the instant appeal, we find first that the district court had jurisdiction to render the prior judgment against Nagle. Second, as discussed below in parts IV B and IV C, the first dismissal was a final judgment on the merits. Furthermore, since Nagle's two section 1983 complaints arise out of the same factual transaction and seek the same re-

---

**3.** At no time has Nagle questioned the authenticity of the copy of the January 17 order of dismissal or the complaint filed in his first suit both of which were attached to the defendants' motion to dismiss.

lief, the same claim is certainly involved in both suits. *See Nilsen,* 701 F.2d at 560 n. 4. The identity of parties requirement, however, presents a problem in this appeal.

In dismissing Nagle's second suit, the district court allowed Officers Laura and Montecino the res judicata benefit of the first dismissal. As the authorities hereinafter discussed hold, they deserve to receive this benefit only if they were parties to the first action or in privity with a party. In the first action Nagle sued two fictitiously named persons "John Doe" and "John Smith" for violations of his constitutional rights. The record reflects that neither of these persons were served nor did they appear through counsel in court. Particularly, the district court in dismissing the first action stated, "[Sheriff] Harry Lee is the *only* defendant before this Court...." (emphasis added). In the second action Nagle named and served Officers Laura and Montecino. Both appeared in the second suit. The issue is whether Officers Laura and Montecino were parties to the first action.

 A party to a cause of action is a person who is both named as a party and subjected to the court's jurisdiction. *Restatement (Second) of Judgments* § 34, at 345 (1982). A person named as a party can subject himself to the court's jurisdiction either by voluntarily appearing in court or by being brought under the court's authority through valid service of process. *E.B. Elliot Advance Co. v. Metropolitan Dade*

*County,* 425 F.2d 1141, 1148 (5th Cir.1978). Only a party is bound by or entitled to the benefits of the rules of res judicata. *Restatement (Second) of Judgments* § 34(3), at 345 (1982). These principles apply with equal force to persons fictitiously named. *Id.* comment d. As comment d to section 34 of the Restatement states, "[t]he only question with respect to individuals [fictitiously named] is whether the summons and complaint or other notice of the proceedings is a reasonable apprisal that the action concerns him." Therefore, the mere naming of a person through use of a fictitious name does not make that person a party absent voluntary appearance or proper service of process. *See Hart v. Yamaha-Parts Distributors, Co.,* 787 F.2d 1468, 1471 (11th Cir.1986).

 The record establishes that "John Doe" and "John Smith" were not made parties to the first action nor were the real life officers Laura and Montecino apprised that Nagle's first action involved them. These fictitiously named officers were also not represented by or in privity with any party to the first cause of action.[4] We must conclude that Officers Laura and Montecino cannot benefit from the dismissal of Nagle's first suit. The district court's order dismissing Nagle's second suit against Laura and Montecino was improperly entered and, accordingly, Nagle's claims against these two officials must be remanded for further proceedings.[5]

**4.** The record does not reflect that Sheriff Lee was acting as a representative of the officers in the first suit. Again, the court's statement that only Sheriff Lee was a defendant in the first suit indicates the individual nature of his presence. Furthermore, this case does not fit into any of the exceptions to the requirement that a person be a party to a prior decision before he may enjoy the res judicata effects of that decision. A possible argument might be made that the vicarious liability exception of section 51 of the *Restatement (Second) of Judgments* applies so that Officers Laura and Montecino could claim the benefit of the first dismissal. This argument however must fail since we would hold that Sheriff Lee is not vicariously liable under section 1983 for the acts of his deputies. *See Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

**5.** On remand the district court will certainly be asked to address Laura's and Montecino's argument that Nagle's claims against them have prescribed. Although Laura and Montecino urge us to affirm the second dismissal on the basis of prescription, we decline to do so because it is not clear from the record whether the district court reached this issue. *See Reynolds Metals Co. v. Westinghouse Electric Corp.,* 758 F.2d 1073, 1078 (5th Cir.1985).

In order to facilitate the resolution of any prescription defense asserted by the officers, we note that it would be appropriate for the parties and the district court to address three issues particularly. First, the time at which Nagle's section 1983 cause of action accrued should be determined. This of course is a question of federal law. *See Perez v. Laredo Junior College,* 706 F.2d 731, 733 (5th Cir.1983). Second, the

## B.

We must now determine whether the district court properly dismissed Nagle's second suit against Sheriff Lee. Nagle contends that the court erred in dismissing his second suit on res judicata grounds because there was no final judgment in his first suit, only a minute entry dismissing that suit. He argues that the minute entry did not comply with Fed.R.Civ.P. 58 because in addition to rendering judgment, it also included "the opinion and reasons for the dismissal." [6] Nagle relies upon *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), in claiming that no final judgment exists as a result of the first dismissal. *Indrelunas* did state that rule 58 "was to be mechanically applied." *Id.* at 222, 93 S.Ct. at 1565, 36 L.Ed.2d at 207. *See also Taylor v. Sterrett*, 527 F.2d 856, 858 (5th Cir.1976). The mechanical strictness of rule 58 application, however, has been modified by the Supreme Court. In *Bankers Trust v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the Court stated that *Indrelunas* "should not prevent the parties from waiving the separate-judgment requirement where one has accidently not been entered." *Id.* at 386, 98 S.Ct. at 1120, 55 L.Ed.2d at 362. The Court emphasized that where the district court had evidenced its intent that an opinion and order would represent its final decision in the case and the clerk records that order and neither party objects to the lack of a separate judgment document, the parties will have waived the requirements of rule 58 and the appellate court may take jurisdiction over this "final" judgment. *Id.*

In *Hanson v. Town of Flower Mound*, 679 F.2d 497 (5th Cir.1982), we re-examined our position on rule 58 in light of *Bankers Trust*. We stated that "we may take jurisdiction of an appeal from a 'final decision' under [section] 1291, even though no separate judgment has been entered, when the parties fail to raise the issue." *Id.* at 501. We in fact stated that an order of dismissal with prejudice may be a final order without regard for the separate document requirement or an appellee's objection. *Id.* at 502 n. 7. Consistent with *Hanson*, we have dismissed an appeal for noncompliance with rule 58 where an appellee asserted lack of jurisdiction. *Seal v. Pipeline, Inc.*, 724 F.2d 1166 (5th Cir.1984). In *Townsend v. Lucas*, 745 F.2d 933 (5th Cir.1984), this court dismissed a habeas appeal for want of a timely notice of appeal but observed that appellant could move the district court for entry of final judgment, whereupon he could proceed to appeal by filing notice of appeal as provided by Fed.R.App.P. 4(a). In *Townsend*, the district court had not purported to render final judgment; its order merely stated that it adopted the mag-

---

appropriate Louisiana prescription period should be determined and applied since state law governs the substantive limitation period utilized in 1983 actions. *See Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). And finally, it should be determined whether the tolling provisions contained in Louisiana's prescriptive doctrine were activated. *See Cross v. Lucius*, 713 F.2d 153, 156 (5th Cir.1983) (Louisiana tolling provisions considered in section 1983 action). On the tolling issue the question of whether the filing of the first suit by Nagle tolled the prescription time period against Laura and Montecino even though they were not specifically named and joined as parties should be considered. The resolution of this issue may turn upon whether the fictitiously-named defendants in the first suit were intended to be Laura and Montecino. Second, if the fictitiously-named defendants in the first suit were not, nor intended to be, Laura and Montecino, then the time at which Nagle

learned that these particular officers were the persons who allegedly violated his constitutional rights may be critical. Under Louisiana laws it appears that the prescription period does not begin to run until an injured party becomes aware of his accrued cause of action. *See Owens v. Martin*, 449 So.2d 448 (La.1984). This rule may require that a potential plaintiff know the identity of the party or parties against whom he can assert his claim. *Cf. id.*

Our mentioning of these issues on the prescription defense should not be read as expressing any opinion on the merits of the defense. Nor should our listing of these questions foreclose the parties or the district court from addressing any matters in regard to these issues that they may deem appropriate.

**6.** Rule 58 provides in relevant part that "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth...."

istrate's report. Thus one of the critical elements of the *Bankers Trust* decision was missing. The court reasoned that "not viewing the May 6 order as a final order complies with the intent of Rule 58 as interpreted in *Mallis* by not depriving Townsend of his right to appeal." 745 F.2d at 934.

The Eleventh Circuit has also observed:

The *Bankers Trust* decision has been used on several occasions to sustain jurisdiction when there was no separate document entering judgment, provided that the district court clearly evidenced that it had entered its final decision. *See, e.g., Diaz v. Schwerman Trucking Co.,* 709 F.2d 1371, 1372 n. 1 (11th Cir.1983); *Hanson v. Town of Flower Mound,* 679 F.2d 497, 500–02 (5th Cir.1982). Some courts have taken jurisdiction even when the appellee objected to the lack of a separate document entering judgment. *See, e.g., International Brotherhood of Teamsters v. Western Pa. Motor Carriers Ass'n,* 660 F.2d 76, 79–80 (3d Cir. 1981) (court did not discuss fact that appellee sought to dismiss appeal on this basis); *Leonhard v. United States,* 633 F.2d 599, 611–12 (2d Cir.1980) (party who objected failed to show how entertaining appeal would be prejudicial), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 195 (1981).

*Arango v. Guzman Travel Advisors,* 761 F.2d 1527, 1531 (11th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 408, 88 L.Ed.2d 1985 (1985).

 It is clear here that all parties treated the minute entry in Nagle's first suit as a final judgment. Specifically, Nagle filed this suit alleging the identical claims of his first suit on the date of the minute entry dismissing his first suit. The appellees raise no objection to the lack of a separate document of judgment. Further Nagle failed to assert in the district court that the judgment in his first suit was not final due to noncompliance with rule 58. Thus he should not prevail on this point on appeal. *See, e.g., Reynolds Metals Co. v. Westinghouse Electric Corp.,* 758 F.2d

1073, 1078 (5th Cir.1985); *Noritake Co. v. M/V HELLENIC CHAMPION,* 627 F.2d 724, 732 (5th Cir.1980) (issues will not be considered for the first time on appeal unless failure to do so would result in a miscarriage of justice).

### C.

Nagle next contends that the dismissal of his first suit cannot have res judicata effect in favor of Sheriff Lee because it was not a dismissal with prejudice. We disagree.

 Rule 41(b) provides in relevant part (emphasis supplied):

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, *a dismissal under this subdivision and any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*

Nagle argues that no evidence was presented in the district court to support a conclusion that the dismissal of his first suit was with prejudice. The order of dismissal did not state whether the dismissal was with or without prejudice. We are of the opinion, however, that the failure to so state does not prevent the dismissal from being an adjudication on the merits, and thus a dismissal with prejudice, as to those claims.

This court has applied the relevant portion of rule 41(b) according to its terms in several cases. *E.g., Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190, 1193 (5th Cir.1985); *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1519 (5th Cir.1985); *Keenan v. Bennett,* 613 F.2d 127, 128–29 (5th Cir.1980); *Hall v. Tower Land and Investment Co.,* 512 F.2d 481, 483 (5th Cir.1975). In *Hall,* on facts similar to those involved in the instant ap-

peal, this court applied the bar of res judicata when the dismissal order in the prior case did not specify whether it was with or without prejudice. The only case which Nagle cites, *Zaroff v. Holmes*, 379 F.2d 875 (D.C.Cir.1967), turns on the interpretation of a local rule, a theory which this court has never adopted. At any rate, the rationale of the majority opinion in *Zaroff* is contrary to the unambiguous provisions of rule 41(b), as then-Judge Warren Burger recognized in his special concurrence. 379 F.2d at 877.

We hold that the dismissal of Nagle's first suit against Sheriff Lee was a final judgment on the merits so that it could properly serve as the predicate under the doctrine of res judicata for the dismissal of Nagle's second suit against Sheriff Lee.

### D.

Nagle also contends that if the district court intended to dismiss his first suit with prejudice, it abused its discretion because it should have imposed lesser sanctions. Nagle argues that we should decide this issue in the interest of judicial economy and because there is no final judgment in the prior action due to noncompliance with rule 58. As we observed in *Hilliard*, 759 F.2d at 1193 (quoting *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir.1971)): "Upon entry of the judgment of dismissal for failure to state a claim, ... Hilliard has 'the burden of persuading the district court either to include a specification that the dismissal [was] without prejudice or to permit an amendment. If plaintiff is unsuccessful, his recourse is to appeal.'" We are without authority in this appeal to rule on the propriety of the district court's action in the dismissal of Nagle's first suit. Nagle forfeited review of that decision by not appealing the dismissal in a timely manner.

### E.

Nagle finally contends that the district court's dismissal of his first suit and the subsequent res judicata holding in favor of Sheriff Lee in this second suit constitute an inequitable result contrary to the Federal Rules of Civil Procedure. He quotes from *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962): "[it is] contrary to the spirit of the [rules] for decisions on the merits to be avoided on the basis of ... mere technicalities...." He also invokes *Kennerly v. Aro, Inc.*, 447 F.Supp. 1083 (E.D.Tenn.1977): "the rules are designed to facilitate a proper decision on the merits...."

This doctrine was applied in *La Societe Anonyme des Parfums LeGalion v. Jean Patou, Inc.*, 495 F.2d 1265 (2d Cir.1974). The compelling factors in that case were that the judge in the second case was under the impression that the prior dismissal had been without prejudice, the plaintiff's claim was based on defendant's course of conduct rather than on an isolated act, and the relief sought was declaratory judgment. None of these factors are present in Nagle's case; therefore, we do not believe the dismissal of Nagle's second action against Sheriff Lee is an inequitable result.

### V.

For the above reasons, the district court's dismissal of Nagle's action against Officers Laura and Montecino is REVERSED and the cause REMANDED for further proceedings; the district court's dismissal of Nagle's action against Sheriff Lee is AFFIRMED.

REVERSED AND REMANDED IN PART; AFFIRMED IN PART.