**In re UNIS INTERNATIONAL, INC., Debtor.**

**Glenn R. HEYMAN, as Trustee, Plaintiff,**

v.

**M.L. MARKETING COMPANY, a Maryland corporation, Defendant.**

**Bankruptcy No. 95 B 06538. Adversary No. 95 A 01307.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Feb. 2, 1996.

---

Mary Ellen Hennessy, Chicago, IL.

Glenn R. Heyman, Chicago, IL.

## MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

### INTRODUCTION

The chapter 7 Trustee has filed an adversary complaint virtually identical to a complaint filed pre-bankruptcy by the Debtor. That action was dismissed post-bankruptcy only because the Debtor's attorneys had withdrawn and were not replaced by new counsel in the time required by a local rule. The issue here is whether that dismissal was "on the merits" and therefore res judicata as to this proceeding. Applying the plain language of Fed.R.Civ.P. 41(b), this Court finds that the dismissal order was on the merits and will therefore grant the defendant's motion to dismiss this proceeding.

### FACTS

The Trustee's complaint states claims for breach of contract (Count I) and on account stated (Count II). This is the third complaint filed against the defendant on these claims. The Debtor, Unis International Corporation, filed the first action in the district court for this district. That case was dismissed for lack of jurisdiction over the defendant. The Debtor filed a second complaint in the district court of Maryland on May 21, 1993. Between November 1994 and December 1994, two attorneys for the Debtor withdrew, leaving Unis with one attorney who advised Unis that he also intended to withdrew. As required by Local Rule 101.2.(b), counsel notified Unis that it was required to have new counsel enter an appearance within 30 days of the filing of the motion to withdraw, or be subject to dismissal of its claims.

On March 27, 1995, the clerk of the district court served a notice upon Unis advising it that 1) on March 9, 1995, its counsel had filed a motion to withdraw; 2) Unis had 30 days from that date to have new counsel enter an appearance; and 3) if Unis did not obtain new counsel, the action could be dismissed. A copy of Local Rule 101.2.b, governing withdrawal of counsel, was attached to the notice.[1]

---

1. That rule provides in relevant part (emphasis added):

b. *Parties other than individuals.* In the case of any party other than an individual, including corporation, partnerships, unincorporated associations and government entities, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least five days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it. *In the event that within thirty days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party* and/or directing the party to show cause why a default should not be entered on claims asserted against it.

Unis had until April 8, 1995, to obtain new counsel. It failed to do so, but, on April 4, 1995, Unis filed a petition in this court under Chapter 7 of the Bankruptcy Code. On April 28, 1995, after determining that Unis had not had new counsel enter an appearance on its behalf, the Maryland district court dismissed the action.

Meanwhile, in the bankruptcy case, the Trustee was appointed shortly after the petition was filed. On August 15, 1995, the Trustee obtained court approval to retain special counsel in the Maryland litigation. At the same time, the Trustee filed a motion in the Maryland case to vacate the order of dismissal pursuant to Fed.R.Civ.P. 60(b) and to be substituted as plaintiff in the case. On September 26, 1995, the district court granted the motion to substitute, but denied the motion to vacate. The Trustee filed a notice of appeal with the Fourth Circuit. That appeal is still pending.

On November 2, 1995, the Trustee commenced this proceeding by filing a complaint that is almost identical to the complaint in the Maryland case. The defendant filed a motion to dismiss the adversary proceeding on the grounds that the Maryland court's order of dismissal was on the merits and with prejudice pursuant to Fed.R.Civ.P. 41(b), and, therefore, the present action is barred by res judicata. Alternately, the defendant argues that federal comity principles, or the "first to file rule," require that the later action be dismissed.

## DISCUSSION

### Res Judicata

■■■■ Res judicata will operate to bar a later action when the following three requirements have been met: "(1) A final judgment on the merits of an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits." *In re Maurice,* 167 B.R. 136, 138 (Bankr.N.D.Ill. 1994). Of the three elements, the only one at issue here is whether the order of dismissal in the Maryland case was a final judgment on the merits.

■■■ The order of dismissal entered by the Maryland district court did not specify whether dismissal was with or without prejudice. However, Rule 41(b), Fed.R.Civ.P., clearly states:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.* [Emphasis added.]

Accordingly, when an action is dismissed, and the court does not specify that the dismissal is without prejudice, it is deemed to be with prejudice. *LeBeau v. Taco Bell, Inc.,* 892 F.2d 605, 609 (7th Cir.1989); *Kimmel v. Texas Commerce Bank,* 817 F.2d 39, 41 (7th Cir.1987).

Despite the clarity of this rule, the trustee argues that 1) the order of dismissal cannot be with prejudice against a trustee in bankruptcy, relying on *In re Raymond Constr. Co. of Florida, Inc.,* 6 B.R. 793 (Bankr. M.D.Fla.1980); and 2) the order should not be interpreted as a dismissal with prejudice.

In *Raymond* the court determined that a *sua sponte* state court order dismissing the plaintiff/debtor's case was not binding on the trustee. This Court disagrees with the reasoning applied by the court in *Raymond* and declines to follow it. The bankruptcy judge relied upon a local rule of the state court providing for 90 days to substitute parties and § 108(a) of the bankruptcy code to extend that time as much as two years. The bankruptcy court's reliance on § 108(a) was incorrect. Section 108(a) governs the time in which to commence an action. In *Raymond* the state court action was already pending; therefore, § 108(b) governed. Section 108(b) allows the trustee only an additional 60 days to act.[2]

The cases relied upon by the Trustee in support of his argument that the dismissal order should not be interpreted as with prejudice are equally unavailing in light of the unambiguous language of Rule 41(b). The

---

2. Section 108(b) did not help the trustee in this case. The additional time provided by that sec-

tion had also expired by the time the trustee had taken any action in the Maryland case.

Trustee argues that because the relevant local rule does not specify the effect of dismissals thereunder, while a local rule governing dismissals for "want of prosecution" specifies that they are without prejudice, the intent of Local Rule 101.2.b must have been that any dismissal also be without prejudice. But it could also be argued that the district court for Maryland knew how to exercise the discretion afforded courts by Rule 41(b) and chose to exercise that discretion with respect to dismissals for want of prosecution, but not for other types of dismissals. This Court need not get into such a guessing game. Rule 41(b) was adopted to avoid precisely this type of speculation. What matters is that the order dismissing the case did not *specify* that it was without prejudice; under Rule 41(b), therefore, it "operates as an adjudication on the merits." The local rule's silence or, at most, ambiguity on the matter cannot substitute for the specificity required by Rule 41(b).

The Trustee cites *Zaroff v. Holmes*, 379 F.2d 875 (D.C.Cir.1967), where the D.C. Circuit determined that an ambiguity in a local rule requiring dismissal for failure to appear at a pretrial conference required finding that the dismissal was without prejudice. However, as Judge Burger correctly pointed out in his concurring opinion, because the local rule failed to specify whether dismissal was with or without prejudice, Rule 41(b) required that the dismissal was with prejudice. Judge Burger supported the result because he concluded that the local rule was otherwise inconsistent with Rule 41(b) by allowing an examiner to exercise judicial discretion to dismiss a case. *Id.* at 877–78. This Court agrees with Judge Burger's analysis and declines to apply the majority opinion to the facts here. See *Nagle v. Lee*, 807 F.2d 435, 443 (5th Cir.1987) ("At any rate, the rationale of the majority opinion in *Zaroff* is contrary to the unambiguous provisions of rule 41(b). . . .")

The Trustee also points to Maryland district court opinions that expressly provide that dismissals were without prejudice and opinions of the Fourth Circuit reversing dismissals with prejudice and stating that such dismissals are not favored as sanctions. Those decisions are not authority for disregarding the plain terms of Rule 41(b). It is not this Court's function to review the order of the district court in Maryland, but only to give it its proper effect. That effect is dictated by Rule 41(b).[3] In another case relied on by the plaintiff, however, *Choice Hotels International v. Goodwin and Boone*, 11 F.3d 469 (4th Cir.1993), the court was applying Rule 41(a)(2), not 41(b). Rule 41(a)(2) says that a dismissal on the plaintiff's motion is *without* prejudice unless the court specifies otherwise—the reverse of an involuntary dismissal under Rule 41(b).

Accordingly, this Court holds that under Rule 41(b) the dismissal entered by the district court in the Maryland litigation "operates as an adjudication upon the merits" and the present action is therefore barred by principles of res judicata. It is therefore unnecessary to consider the comity or "first to file rule" issues.

---

3. The Trustee makes a small argument that Rule 41(b) does not apply because the first sentence says "a defendant may move for dismissal . . ." and here the order was entered *sua sponte.* But the second sentence proclaims the effect of not only "a dismissal under this subdivision" but also "any dismissal not provided for in this rule." So even if the dismissal at issue here was not one provided for by Rule 41 because it was not on motion of a defendant, its effect still must be determined in accordance with that rule.