**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 12, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-10861

In the Matter of: COASTAL PLAINS, INC.

Debtor,

INDUSTRIAL CLEARINGHOUSE, INC.

Appellant-Cross-Appellee,

VERSUS

JACKSON WALKER,

Appellee-Cross-Appellant.

Appeals from the United States District Court
For the Northern District of Texas
3:04-CV-174

Before GARWOOD, DAVIS, and GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Based on our review of the record, the briefs of the parties and oral argument of counsel we are satisfied that neither the

---

[*]Judge Garza concurs in the judgment only.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bankruptcy court nor the district court committed reversible error:

1.   We reject appellant's argument that the bankruptcy court and district court erred in concluding that the malpractice case against Jackson Walker was not abandoned when the bankruptcy case was closed.  The determination by the Texas state court that ICHI had no standing to assert this malpractice claim because it was not owned by appellant but rather remained in the bankruptcy proceeding is binding on appellant and precluded it from relitigating this issue in bankruptcy court.

We are also satisfied that the state court had jurisdiction to make this determination.  The bankruptcy court's exclusive jurisdiction is quite narrow.  As we held in the <u>City of Brady, TX v. Sanders</u>, 936 F.2d 212, 218 (5th Cir. 1991),

> Thus, under section 1471, the only aspect of the bankruptcy proceeding over which the district courts and their bankruptcy units have exclusive jurisdiction is "the bankruptcy petition itself." <u>In re Wood</u>, 825 F.2d 90, 92 (5th Cir. 1987).  In other matters arising in or related to title 11 cases, unless the Code provides otherwise, state courts have concurrent jurisdiction, and bankruptcy courts are prohibited from relitigating these matters if the state courts have already resolved them.

The res judicata effect of the state court ruling is plain on the record and we are free to apply this doctrine even though appellees did not assert res judicata as an affirmative defense. See <u>Nagle v. Lee</u>, 807 F.2d 435, 438 (5th Cir. 1987) and <u>American Furniture Co. v. International Accommodations Supply</u>, 721 F.2d 478, 482 (5th Cir. 1981).

2.   The bankruptcy court did not abuse its discretion in

refusing to reopen the bankruptcy case. Although the debtor did not schedule the claim against Jackson Walker as an asset, before the bankruptcy case was closed on December 12, 2000, the trustee considered pursuing the claim against Jackson Walker and declined to do so. Neither Coastal Plains, Inc. or Industrial Clearinghouse, Inc. objected to the bankruptcy court's order closing the case as a no asset case. Appellant did not seek to reopen the bankruptcy case until May 30, 2003 after the state court dismissed its malpractice claim. The bankruptcy court did not abuse its discretion in concluding that there was no cause to reopen the proceeding where "a purchaser of assets that were once estate assets is not happy with the trustee's decision regarding the administration of one of the estate's alleged assets."

AFFIRMED.