**1390**

Richard CHIRA, Plaintiff,

v.

LOCKHEED AIRCRAFT CORP.,
Defendant.

No. 80 Civ. 1124 (WK).

United States District Court,
S. D. New York.

Aug. 31, 1981.

Luigi P. DeMaio, New York City, Sherman M. Ellison, Beverly Hills, Cal., for plaintiff.

William F. Koegel, Rogers & Wells, New York City, for defendant.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This is a further—and, we fervently hope, the final—installment in the Chira-Lockheed saga. The underlying facts were set forth in great detail in *Chira v. Lockheed Aircraft Corp.* (S.D.N.Y.1980) 85 F.R.D. 93, *affirmed* (2d Cir.) 634 F.2d 664. Familiarity with both our original opinion (hereafter referred to as "*Chira I*") and that of the Court of Appeals is assumed.

In *Chira I* we dismissed the action then before us pursuant to Fed.R.Civ.P. 41(b) because of plaintiff's egregious failure to prosecute. Prior to the date of that opinion, however, plaintiff had commenced the instant action in state court, apparently in a desperate endeavor to salvage his multi-million dollar law suit against his former employer. According to defendant's counsel, service was not effected until February 22, 1980, slightly less than two months after we had issued *Chira I*. Immediately thereafter, defendant removed the second action to this court pursuant to 28 U.S.C. § 1441(a). Subsequently, with the consent of the parties, it was placed on our suspense docket pending review of *Chira I* by the Court of Appeals. Following that court's affirmance, defendant moved to dismiss the instant action on ground of *res judicata*. After reviewing the complaint and following extensive briefing as well as oral argument by both sides, we grant the motion and dismiss this action with prejudice.

For the most part, the complaint presently before us ("second complaint") is either identical to, or must be deemed to be an amended version of plaintiff's original complaint ("original complaint"). Fed.R.Civ.P. 41(b) provides that a dismissal such as that of plaintiff's original complaint in *Chira I* "operates as an adjudication on the merits." Consequently, any claims set forth in the second complaint which were or could have been set forth in the original complaint are barred as *res judicata*.

To be sure, plaintiff now bases his claims on various legal theories which he had not advanced in the original complaint. For instance, he now alleges that defendant vio-

lated various provisions of the California Labor Code; that he is entitled to certain compensation on a reliance or *quantum meruit* theory; and he claims that allegedly negligent acts on defendant's part resulted in the deterioration of his health.

We need not examine the merits of any of these "new" theories. It is clear that each one of them is based on facts germane to those involved in the original complaint and could have been raised therein. Plaintiff cannot have another bite at the apple by simply reorganizing and restructuring his legal arguments. As the Court of Appeals unambiguously observed in its recent opinion in *Teltronics Services, Inc. v. L M Ericsson Telecommunications, Inc.* (2d Cir. 1981) 642 F.2d 31, 35, a final judgment pursuant to a Rule 41(b) dismissal

> "is *res judicata* 'not only to all matters pleaded, but to all that might have been' and 'not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit.' *In re Interstate Stores*, 558 F.2d 1046, 1047 (2d

Cir. 1977) (quoting *Heiser v. Woodruff*, 327 U.S. 726, 735 [, 66 S.Ct. 853, 857, 90 L.Ed. 970] (1946)). . . . "

There is nothing in plaintiff's second complaint which could not have been "raised and litigated" in his original action. Were we now to allow him to maintain this second action, we would be stripping our Rule 41(b) dismissal of the original complaint—admittedly a harsh sanction but one which the Court of Appeals found to have been appropriate—of any significance or impact. Having denied plaintiff's motion to vacate our dismissal of the original complaint, we shall not now allow him to achieve essentially the same result by litigating the same or intrinsically related claims in this second action.

This action is dismissed with prejudice as *res judicata*.

SO ORDERED.