**James L. TREADWELL, Jr., and Deborah Treadwell, Plaintiffs,**

v.

**Charlene KENNEDY and the George Developers, Defendants.**

No. 86–3098.

United States District Court,
C.D. Illinois,
Springfield Division.

March 18, 1987.

A. Michael Kopec, Springfield, for plaintiffs.

Drach & Defenbaugh, P.C., Springfield, for defendants.

## OPINION ORDER

MILLS, District Judge:

A question of sanctions.

If a competent attorney would find no basis for a legal argument, the attorney who creates needless expense by proffering such a claim must face the consequences.

Rule 11 brings costs home to those who create them.

## Background

Plaintiffs bring this action pursuant to 42 U.S.C. § 1982 alleging Defendants racially motivated refusal to rent them an apartment.[1] According to the complaint, Deborah Treadwell, a white female, arranged in March 1984 to rent a two-bedroom apartment in Springfield, Illinois, from The George Developers. After viewing the apartment, Treadwell delivered to Doug Williams, an agent of the company, a completed lease and $255 toward a security deposit. Two days later, Deborah's black fiance, James Treadwell, met with the agent and saw the unit. Shortly thereafter, Defendant Charlene Kennedy, manager and leasing agent for the building, informed the Plaintiffs that they would be unable to rent the apartment since it had already been leased. She further indicated that no other units were available.

The Plaintiffs then complained to the Springfield Fair Housing Board which employed "testers" to investigate the allegations. Apparently, the Defendants offered a white tester an apartment but declined to give a lease or application to a black tester. On April 10, 1985, the Housing Board found that the evidence indicated Kennedy, as landlord of the premises, had violated the Springfield Fair Housing Ordinance by refusing to rent the unit to the Plaintiffs because of James Treadwell's color. A recommendation that the matter be prosecuted in the Illinois circuit court was sent to corporate counsel for the City of Springfield. *City of Springfield v. Kennedy*, No. 86–OV–66, ended with the Defendant stipulating to her guilt and paying a fifty dollar fine.

## The Present Controversy

In response to the instant complaint, Defendants filed both a motion to strike and dismiss. To support the former, Defendants maintained that since Charlene Kennedy was not an owner of the property as alleged, the complaint was "completely incomprehensible." Further, they contended the complaint was flawed since several of the paragraphs were immaterial and irrelevant, and it did not allege that a security deposit was made in full. The half-page memorandum buttressing the motion simply reiterated Defendants' claims without citing a single authority or naming the rule under which the motion was brought, as required by Local Rule 12(b).

The motion to dismiss similarly stated that since Defendant Kennedy had no interest in the apartment building, the complaint failed to state a cause of action against her even though it alleged her agency status as well. The memorandum in support of that position cursorily indicated the motion to dismiss was self-explanatory. It too violated Local Rule 12(b).

Upon receipt of Plaintiffs' responses, the Court summarily denied both motions.

▮ Now before the Court is the Plaintiffs' motion for sanctions pursuant to Fed. R.Civ.P. 11. They submit that Defendants' motions to strike and dismiss were totally baseless under current law and no attempt was made to argue for a modification of that law. As a result, Plaintiffs incurred superfluous expense in responding. Their position is well taken.

Rule 11 as applied to motion practice provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the ... motion ... that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a ... motion ... is signed in violation of this rule, the Court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both,

---

1. 42 U.S.C. § 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the ... motion ... including a reasonable attorney's fee.

In determining whether Rule 11 sanctions are appropriate, the law directs the Court to ask whether—after reasonable inquiry—a competent attorney could not form a reasonable belief that the motion was warranted by existing law or make a good faith claim for the modification of existing law. *See Indianapolis Colts v. Mayor & City Council of Baltimore,* 775 F.2d 177, 181 (7th Cir.1985). In other words, the Rule 11 standard is objective. If competent counsel would know that the legal theory advanced is "destined to fail," sanctions must be awarded. *Magnus Electronics, Inc. v. Argentine Republic,* 637 F.Supp. 487, 495 (N.D.Ill.1986).

■ Turning to the case at bar, the Court finds that Defendants' counsel has not made a colorable attempt in the response to Plaintiffs' Rule 11 motion to argue that the filing of the motions to strike and dismiss was anything but frivolous. The claim that Defendant Charlene Kennedy cannot be named as a party to the lawsuit since she has no ownership interest in the apartment building is simply unfounded. Unquestionably, liability under 42 U.S.C. § 1982 may be extended not only to the owners of real property, but also to their agents and employees. *See, e.g., Hamilton v. Svatik,* 779 F.2d 383 (7th Cir. 1985). The complaint clearly alleges that Kennedy acted as both manager and leasing agent for The George Developers. Moreover, the Court can find no authority—since none *exists*—to support Defendants' proposition that a security deposit is required to make a *prima facie* showing of discrimination under § 1982.

Finally, the assertion that paragraphs 12 through 17 of the complaint are immaterial

and irrelevant is absurd. The allegations in those paragraphs relate to the activities of various "testers" and establish for pleading purposes that apartments were in fact available for rent, despite the contrary assertions of Defendant Kennedy. The testimony of "testers" is undoubtedly relevant in housing discrimination cases. *Richardson v. Howard,* 712 F.2d 319, 321 (7th Cir.1983).

In sum, Defendants and their counsel had no legal basis to support the motions. The subject documents that this Court here reviews cannot be characterized as a good faith effort to apply the law or even a good faith request for a change in the law. Therefore, sanctions are appropriate.

Furthermore, the Court wishes to note that Defendants' counsel has also apparently attempted to mislead it in the response to the motion for sanctions. That document states the complaint was filed as a result of a decision by the city's Fair Housing Board finding no violation of its housing ordinance. The exact opposite, however, appears true. Plaintiffs have submitted the Board's order adopting the hearing officer's conclusion that Defendant Kennedy had violated the ordinance by her refusal to rent a unit on the basis of color, and recommending that the cause be prosecuted in the state courts. Hence, the Defendants' assertion does not sit well with this tribunal. Deliberate attempts to mislead the Court or a failure to make reasonable inquiry into the facts before making a representation will not be taken lightly.[2]

■ As Defendants correctly acknowledge, the time when sanctions are to be imposed rests with the sound discretion of the trial judge. Fed.R.Civ.P. 11 (committee notes). This judge finds now the proper time. Plaintiffs are entitled to recover the expenses incurred because of the Defendants' filing of the motions to strike and dismiss. Plaintiffs' counsel has submitted

---

2. Defendants maintain that after the evidence is presented in this case, they will move against the Plaintiffs for filing a "frivolous, malicious, and unsupported suit, as the entire factual matter has previously been held to be unsupported in fact." If this is indeed the case, the Court is

puzzled as to why the Defendants have let the period for filing dispositive motions pass without moving for summary judgment. If there is no genuine issue of material fact in this matter, the Court does not wish to waste its time at trial.

an itemization of costs amounting to $562.50 based upon an hourly rate of $75. The itemization appears reasonable and in sync with local fees. That figure is approved.

*Ergo,* Plaintiffs' motion for sanctions and reasonable attorney's fees pursuant to Rule 11 is ALLOWED. The Defendants' *counsel,* having signed the motions, is ordered to pay the Plaintiffs the sum of $562.50. Furthermore, he is directed to comply in the future with the guidelines established by Rule 11.

IT IS SO ORDERED.