**ILLINOIS CENTRAL GULF
RAILROAD COMPANY,**
Plaintiff,

v.

**J & L CONTRACTORS, INC.,**
Defendant.

No. 88–3017.

United States District Court,
C.D. Illinois,
Springfield Division.

May 17, 1988.

Order on Motion for Relief
July 14, 1988.

Gary L. Cline, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Springfield, Ill., for plaintiff.

Robert S. Atkins, Robert E. Williams, Robert S. Atkins & Associates, Chicago, Ill., for defendant.

## OPINION

RICHARD MILLS, District Judge:

The substantive question here is one of *res judicata*.

But the real issue underpinning this case is one of procedure: the enforcement of rules and orders of the Court.

Does the dismissal of Plaintiff Illinois Central Gulf Railroad's complaint in an earlier action for failure to prosecute a default judgment operate as an adjudication upon the merits, and hence as a bar to identical claims asserted in this subsequent suit?

It does.

### I

The chronology of events here is pivotal:

*September 20, 1985*—Plaintiff filed its original action, case 85-3462, for breach of contract against Defendant J & L Contractors and related parties.

*May 2, 1986*—Plaintiff moved for default against Defendant pursuant to Fed.R.Civ. P. 55 when J & L failed to answer the charges in accordance with Fed.R.Civ.P. 12.

*October 27, 1986*—The United States Magistrate entered an order of default in favor of the Railroad. That order stated in part:

THIS CAUSE WILL BE DISMISSED AS TO THIS DEFENDANT IF PLAINTIFF FAILS TO PROSECUTE A DEFAULT JUDGMENT WITHIN FOURTEEN (14) DAYS FROM ENTRY OF THIS DEFAULT IN COMPLIANCE WITH THE OCTOBER 16, 1985, STANDING ORDER OF THIS COURT.[1]

*April 23, 1987*—The Court, on its own motion, gave Plaintiff an additional 14 days to comply with the Magistrate's default order.

*May 13, 1987*—Case dismissed.

*July 6, 1987*—Plaintiff moved to reinstate.

*July 14, 1987*—The Court entered an order making findings and denied reinstatement.

The result of this recitation of events is simply this: Plaintiff did not prosecute a

---

1. STANDING ORDER

MILLS, J.:

Pursuant to Rule 83 of the Federal Rules of Civil Procedure, the Court hereby enters a standing order relative to all defaults and default judgments entered by this Court in accordance with Rule 55, Fed.R.Civ.P.:

1. All *defaults* pursuant to Rule 55 shall be entered by the United States Magistrate.

2. An entry of default shall be accompanied by an order subjecting the nondefaulting party (or parties) to dismissal for failure to prosecute the default judgment within 14 days of the entry of default.

3. A motion for *default judgment* shall comply with the provisions of Rule 55 of the federal rules. The movant shall give notice to any defaulting party who has appeared that the Court may rule on the motion for default judgment without further notice after the motion has been on file for 7 days.

4. Oral arguments, or in-court hearings, will be granted only upon a showing of special circumstances. A motion for a *default judgment* shall be accompanied by all evidence, exhibits, and affidavits necessary to prove up a default judgment. Furthermore, the motion must be accompanied by an affidavit establishing that the defaulting party is not an infant, an incompetent person, or a person in military service.

5. All motions for *default judgment* shall include a proposed order.

6. All *default judgments* shall be entered exclusively by the Court.

default judgment within 14 days as ordered. Rather, after *twenty-five weeks* of the Railroad's inattention, the Court, *sua sponte,* granted it an extension of another two weeks to comply with the order of default. But still, Plaintiff ignored the Court. After a third week of grace, the cause was dismissed. Then, *thirty-six weeks* after the initial default and *eleven weeks* after the Court's extension of time, Plaintiff moved to reinstate the action on the ground that counsel was vacationing between May 1 and 10, and thus unable to file a motion for judgment on default by the May 7 extended deadline. No excuse was proffered for the failure to meet the initial deadline of November 10, 1986. *Ergo,* the Court in a written order made findings as required by Fed.R.Civ.P. 41(b) and denied the motion to reinstate.

No appeal was taken.

Instead, six months later, Plaintiff—represented by the same law firm and attorney—instituted this suit. The allegations of the new complaint follow word for word those against Defendant contained in the prior pleading. Consequently, when the Railroad again sought a default judgment, the Court directed counsel to show cause why the complaint should not be dismissed on the basis of *res judicata* and why he should not incur monetary sanctions for filing a pleading without foundation in law.

Now before the Court is Illinois Central's motion to discharge the show cause order and for entry of judgment against Defendant.

## II

■ A proper discussion of Plaintiff's misfortune must begin with Fed.R.Civ.P. 41(b) which is entitled *Involuntary Dismissal: Effect Thereof.* Although the rule does not literally provide that a court, upon its own motion, may dismiss an action for failure to prosecute or abide by an order, it does state:

*Unless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision and *any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*

(emphasis ours). Thus, Rule 41(b) clearly recognizes that where an order declines to otherwise provide, a *sua sponte* dismissal for failure to comply with court procedure serves as a final decision on the merits.

In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962), the Supreme Court established that a federal trial judge's power to dismiss an action *with prejudice* because of an attorney's nonfeasance was beyond doubt. Rejecting the notion that Rule 41(b) impliedly prohibited an involuntary dismissal save upon motion of a defendant, Justice Harlan for the majority explained: "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31, 82 S.Ct. at 1389. *Accord Esteva v. House of Seagram, Inc.,* 314 F.2d 827, 829–30 (7th Cir.), *cert. denied,* 375 U.S. 826, 84 S.Ct. 70, 11 L.Ed.2d 59 (1963).

As a logical extension of *Link,* courts and commentators have acknowledged what Rule 41(b) implicitly avows: To allow a plaintiff to maintain a second lawsuit on identical facts following the dismissal of an initial action for failure to prosecute would interfere with the quest for efficient docket management and strip the original sanction, albeit harsh, of any significant impact. *See Kotakis v. Elgin, Joliet & Eastern Railway Co.,* 520 F.2d 570, 576–77 (7th Cir.), *cert. denied,* 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975); *Nasser v. Isthmian Lines,* 331 F.2d 124, 128–29 (2d Cir. 1964); *Chira v. Lockheed Aircraft Corp.,* 520 F.Supp. 1390, 1391 (S.D.N.Y. 1981); Restatement (2d) of Judgments, § 19 comment e (1982); C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4440 (1981).

Citing *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961),

Plaintiff contends that dismissals on their merits for counsel's want of diligence are limited to situations where a defendant has incurred the inconvenience and expense of trial preparation. Not so. *Costello* held that the dismissal of a denaturalization proceeding, based upon the Government's failure to file an affidavit of good cause as required by statute, was within the "lack of jurisdiction" exception to Rule 41(b), and thus without prejudice. The Court expressed the view that dismissals under the Rule should operate as final adjudications where the defendant was forced to ready his defense. Since Costello had suffered no unnecessary costs in the first suit, the United States was not precluded by *res judicata* from further pursuing the matter. *Id.* at 285–88, 81 S.Ct. at 544–46.

■ This Court certainly agrees—as it must—that if a defendant is damaged by a plaintiff's conduct, or lack thereof, a dismissal for want of prosecution is necessarily on the merits. But the Court does not read *Costello* so narrowly as to limit such a result to the enumerated situation. If litigants were free to disregard court orders simply because the opposition had not expended any time or money toward a defense, chaos would result. As the Supreme Court stated in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976): "[T]he most severe in the spectrum of sanctions ... must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."

Although that case involved a dismissal under Fed.R.Civ.P. 37 for failure to comply with discovery orders, no meaningful distinction can be drawn between that scenario and the present. If Plaintiff were permitted to proceed with this case, its counsel would surely abide by all future orders of the Court. But other attorneys in other cases might feel more at ease in ignoring proper court procedure than they should— an intolerable consequence. The Seventh Circuit expressly acknowledged in *Washington v. Walker*, 734 F.2d 1237, 1239 (7th Cir.1984), that a showing of prejudice to an opposing party is not required before a dismissal for failure to prosecute may operate as a final adjudication:

> Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory tactics. The Supreme Court did not require a demonstration of prejudice in *Link v. Wabash Railroad* ... the seminal case upholding a *sua sponte* dismissal for want of prosecution, and we will not require such a showing in this case.

■ Despite the plain language of Rule 41(b), Plaintiff argues in the alternative that because the Court's order of dismissal in case 85–3462 did not clearly express an intent to act as a bar to any subsequent proceeding involving the same cause of action, it was without prejudice. Admittedly, the effect of a dismissal resulting from a plaintiff's neglect rests with the sound discretion of the trial court and its judgment will be overturned only where no reasonable person could agree with its assessment. *Locascio v. Teletype Corp.*, 694 F.2d 497, 499 (7th Cir.1982), *cert. denied*, 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983). *See generally* Annotation, *Propriety of Dismissal of Action with Prejudice, Under Rule 41(b) of Federal Rules of Civil Procedure, Upon Ground of Plaintiff's Failure to Comply with Order of Court*, 15 A.L.R.Fed. 407 (1973). But in this instance, the Court can find no excuse to skirt the clear unambiguous terms of the Rule: Where the reason for dismissal does not fall within any of the listed exceptions and the order does not state whether the dismissal was with or without prejudice, it is with prejudice. *See Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir.1971); *Nagle v. Lee*, 807 F.2d 435, 442 (5th Cir.1987); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir.1985); *LaSociete Anonyme des Parfums LeGalion v. Jean Patou, Inc.*, 495 F.2d 1265, 1275 (2d Cir.1974) (per Friendly, J.). Having denied the Railroad's motion to reinstate the origi-

nal action, the Court will not allow Plaintiff to circumvent that order and achieve the desired result by instituting its claims anew. *Chira,* 520 F.Supp. at 1391.

■ Similarly, Plaintiff's assertion that the dismissal was pursuant to a local rule rather than Rule 41(b) under the rationale of *Zaroff v. Holmes,* 379 F.2d 875 (D.C. Cir.1967), is meritless. *Zaroff* held that dismissal of the case by a pre-trial examiner pursuant to a local rule directing the entry of default against a party failing to appear at a pre-trial conference was not on the merits. The Court made clear that Rule 41(b) was not in issue and that the construction it placed on the local rule was dispositive. In a concurring opinion, then Circuit Judge Warren Burger explained that while the decision appeared contrary to the terms of Rule 41(b), it was proper because the local rule conflicted with Rule 41(b) in providing for dismissal by the examiner, and was therefore invalid under Fed.R.Civ.P. 83. Judge Burger could find nothing in Rule 41 which permitted non-judicial personnel to dismiss lawsuits. *Id.* at 877–78 (Burger, J. concurring). *Compare Darlington v. Studebaker–Packard Corp.,* 261 F.2d 903, 904–06 (7th Cir.), *cert. denied,* 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959) (local rule providing for court's *sua sponte* dismissal of case based upon plaintiff's failure to prosecute held not inconsistent with Rule 41).

In contrast, this case has nothing to do with the proper construction of the Court's local rules. Plaintiff simply ignored two orders entered in case 85–3462 by the United States Magistrate and District Judge -respectively giving it ample time to obtain a default judgment against Defendant. The Railroad was warned that if it failed to prosecute the cause, the same would be dismissed. It did and it was. The Court does not bluff. Whether the dismissal was pursuant to Rule 41(b) or the Court's "inherent power" to control its affairs as described in *Link,* the final order was undoubtedly a decision on the merits.

■ Finally, Plaintiff maintains it should not suffer the extreme sanction of claim preclusion because of mere inadvertence on the part of counsel. The Railroad correctly notes that the existence of aggravating circumstances has been a factor in Seventh Circuit opinions upholding dismissals for want of prosecution. *E.g., Zaddack v. A.B. Dick Co.,* 773 F.2d 147 (7th Cir.1985); *Stevens v. Greyhound Lines, Inc.,* 710 F.2d 1224 (7th Cir.1983). *See generally* Annotation, *Propriety of Dismissal for Failure to Prosecute under Rule 41(b) of Federal Rules of Civil Procedure,* 20 A.L.R.Fed. 488 (1974). And this Court agrees that counsel here does not appear to have engaged in purposeful delay or contumacious behavior. But as the Court of Appeals wrote in *Washington,* 734 F.2d at 1238:

> [T]his court has never stated that overt misbehavior is required, only that dismissal with prejudice is appropriate "when there is a clear record of delay *or* contumacious behavior." " '[F]ailure to prosecute' under the rule does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by the regular machinery of the court. It is quite sufficient if he does nothing knowing that until something is done there will be no [disposition]."

Moreover, absent exceptional circumstances, a client is bound by the acts (or inactions) of his voluntarily retained attorney. *Link,* 370 U.S. at 633–34, 82 S.Ct. at 1390–91; *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 608–09 (7th Cir.1986). If the rule were otherwise, timetables established by a court would quickly become useless and neglect all too common. *Tolliver v. Northrop Corp.,* 786 F.2d 316, 319 (7th Cir.1986). The Supreme Court established long ago that a party is deemed to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer,* 101 U.S. (11 Otto) 320, 326, 25 L.Ed. 955 (1880).

Accordingly, this cause is barred by the doctrine of *res judicata.* Because the suit names the same Defendant, challenges the same conduct, and seeks the same remedy as the earlier suit, the unfavorable adjudication on the merits against Plaintiff of the first action precludes a contrary result

here. *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir.1987).

### III

■ Turning then to that portion of the order to show cause regarding the propriety of Rule 11 sanctions against Plaintiff's counsel for filing a complaint without legal basis, the Court finds it should properly be discharged. The standard of review applicable to dismissals for failure to prosecute, the affirmative nature of the *res judicata* defense, and the purposes underlying the imposition of Rule 11 sanctions persuade the Court that such a penalty is inappropriate at this time.

■ Fed.R.Civ.P. 11 requires a Court to impose monetary sanctions upon an attorney or his client where, among other things, they have endorsed a pleading unwarranted by existing law. *See Treadwell v. Kennedy*, 656 F.Supp. 442, 443–44 (C.D. Ill.1987). The test for imposing sanctions pursuant to the Rule is objective. The Court must ask whether the questioned conduct was reasonable under the circumstances. Subjective good faith is irrelevant. *Brown v. National Bd. of Medical Examiners*, 800 F.2d 168, 171 (7th Cir. 1986). The amount of time the attorney had to prepare the pleading, the document's view on the state of the law, the complexity of the legal questions involved, and the possibility that the law might be extended or modified are all important considerations in determining whether reasonable inquiry into the law was made. *Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1435 (7th Cir.1987).

As noted, the effect of an action's dismissal for want of prosecution lies within the trial court's permissible range of discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1068 (7th Cir.1983). Because each decision must turn on its own procedural history, an argument may be proffered in all but the most egregious situations that the Court should limit the prejudicial force of its order. A dismissal with prejudice is a harsh penalty which is employed only under certain circumstances. *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir.1986). Where counsel is specifically warned, as he was here, of the consequences of his failure to abide by Court orders, the result is fitting. But this is not to say that the outcome could not differ given the deference afforded the district court.

Furthermore, the Court recognizes that *res judicata* is historically an affirmative defense to be pled and proven, or waived, under Fed.R.Civ.P. 8(c). *Carbonell v. Louisiana Dept. of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir.1985). If aware of its prior decision, however, the Court may dismiss the action *sua sponte*, even though the defense has not been raised: "This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432, 100 S.Ct. 2716, 2749, 65 L.Ed. 2d 844 (1980) (Rehnquist, J. dissenting). *Accord Nagle*, 807 F.2d at 438–39; *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir.1980); C. Wright, *supra* at § 4405. The inculcation of a proper respect for the Court's efforts to promptly and fairly administer the matters which come before it was no less a consideration in the treatment of this case and its predecessor.

Lastly, the Court finds the purposes to be served by the infliction of monetary sanctions upon Plaintiff and its counsel for instituting this lawsuit will adequately be met by its preclusion. Rule 11 has three functions—compensation, punishment, and deterrence. *Brown*, 830 F.2d at 1438–39. Because Defendant chose not to answer either of the Railroad's complaints, or expend any time or money to defend the charges, the compensation factor is absent from the Court's analysis. The two remaining functions are fulfilled by this opinion alone, and thus, Rule 11 sanctions are unnecessary.

### IV

In 1985, over 273,500 civil lawsuits were filed in the 94 district courts of this country, which is an average of 476 civil cases

per judge. When the underlying case here was filed, this Court had over 700 civil cases pending on its docket. Today that number has been cut nearly in half. No court can achieve a reduction in caseload by tolerating procrastination. Instead, every court must diligently seek to eliminate delay. Plaintiff's failure to timely act in accordance with Court orders interfered with the regular and efficient administration of justice. Litigants and their counsel, no matter how occupied they might be with other concerns, cannot decide when it is most convenient for them to file those documents the Court requires. Obedience to the rules and orders of Court must be paramount if the congested condition of the calendars of our district courts is ever to be ameliorated.

Finally, the Court recognizes that its decision to deny Illinois Central relief on the underlying claim against J & L Contractors, while justified, is indeed severe. But the Court notes that fault for the unfortunate outcome should not be placed solely in the hands of one individual. Plaintiff's counsel of record is an established law firm possessing resources unavailable to many practitioners. When its attorneys are directed to comply with court procedure, the obligation is shared by the firm which is ultimately responsible for its clients' well-being. If an attorney of the firm is unable to adhere to the order of the Court—for whatever reason, be it vacation, illness, or otherwise—the firm must be prepared to resolve the problem, cover for the absent attorney, or seek extensions of time. For it is the law firm that is ultimately charged with the duty of managing clients and their concerns.

*Ergo,* this cause is hereby DISMISSED WITH PREJUDICE as precluded by *res judicata.*

Judgment for Defendant.

Case CLOSED.

### ORDER ON MOTION FOR RELIEF FROM JUDGMENT

Plaintiff Illinois Central Gulf Railroad now moves this Court pursuant to Fed.R.Civ.P. 60(b)(6) to vacate its opinion of May 17, 1988, dismissing this action as barred by the doctrine of *res judicata.* The Railroad argues that the doctrine is inapplicable because the Clerk inadvertently failed to enter a final judgment under Fed.R.Civ. P. 58 in case 85–3462—the lawsuit identical to the present which was dismissed for want of prosecution.

Motion denied.

The Seventh Circuit Court of Appeals' recent decision in *Kimmel v. Texas Commerce Bank,* 817 F.2d 39 (7th Cir.1987) (rehearing *en banc* denied), is dispositive of this matter. In September 1984, the Kimmels filed suit in the Central District of Illinois seeking reimbursement of certain medical expenses from Houston Lighting & Power Company. Two months later, United States District Judge Michael M. Mihm entered the following minute order on the docket *sua sponte:* "Oral ORDER ENTERED. ORDERED that case is DISMISSED for lack of prosecution." *Kimmel v. Houston Lighting & Power Co.,* no. 84–1319 (C.D. Ill.1984). A check of the docket in that case reveals that, like here, the Clerk closed the file but did not enter a final judgment as directed by Rule 58. But instead of requesting entry of judgment and appealing the Court's ruling, plaintiffs chose to institute a second action in April 1986 against Houston Lighting and related parties in the Northern District of Illinois. There, United States District Judge John Nordberg dismissed the complaint as precluded by *res judicata. Kimmel v. Texas Commerce Bank* [available on WESTLAW, 1986 WL 9180] (N.D.Ill.). Plaintiffs appealed.

On appeal, the Kimmels' sole argument was the lack of a final judgment on the merits in the first suit prohibited the application of preclusion principles in the second. *See Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 688 (7th Cir.1986) (*en banc*) (for *res judicata* to apply, there must be a final judgment on the merits, an identity between the two actions, and an identity of parties or their privies). The Seventh Circuit was not persuaded:

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court ...

to dismiss an action for failure to prosecute. The rule provides that unless the court in its dismissal order states otherwise, "a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits." *When the district court dismissed the Kimmels' first complaint without stating whether the dismissal was on the merits, that dismissal became a final judgment on the merits under Rule 41(b).*

*Kimmel*, 817 F.2d at 40–41 (emphasis added). *See also Bierman v. Tampa Electric Co.*, 604 F.2d 929, 930–31 (5th Cir.1979).

Although the Court regrets that no separate order of judgment was entered in the previous action in accordance with Fed.R. Civ.P. 58, in view of *Kimmel* it attaches no significance to this ministerial oversight. Rule 41(b) clearly provides that the Court's order dismissing case 85–3462 for failure to prosecute was an "adjudication upon the merits" because it did not specify otherwise. As the Seventh Circuit implicitly recognized in *Kimmel:* "Penalty dismissals provide a category in which there is little need to venture beyond Civil Rule 41(b) in search of preclusion answers." C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4440 at 362 (1981).

Plaintiff's claim that they had no opportunity to appeal case 85–3462 without a separate judgment order, and thus *res judicata* should not operate against it in this suit is meritless. Admittedly, Rule 58 was enacted to clarify when the time for appeal begins to run. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384, 98 S.Ct. 1117, 1119, 55 L.Ed.2d 357 (1978). But under 28 U.S.C. § 1291, the circuit court has jurisdiction over "final decisions" of the district court. If no question exists as to the finality of the district court's decision, the absence of a Rule 58 judgment will not prohibit appellate review. *Smith–Bey v. Hospital Adm'r*, 841 F.2d 751, 756 (7th Cir.1988). *See also Soo Line R.R. Co. v. Escanaba & Luke R.R. Co.*, 840 F.2d 546, 549 (7th Cir. 1988) (unless the court is "to become a citadel of technicality" non-compliance with Rule 58 does not *per se* obstruct appellate jurisdiction).

To determine the finality of an order for purposes of appeal, the aggrieved party must ask whether "the dismissal effectively terminates plaintiff's litigation in federal court." *Ordower v. Feldman*, 826 F.2d 1569, 1572 (7th Cir.1987). In this instance, there can be no doubt that the Court's order dismissing the Railroad's first action was "final." It expressly stated "Case CLOSED." Moreover, the Court in a second order denied Plaintiff's motion to reinstate emphasizing that "[t]he order of May 14, 1987 dismissing J & L Contractors from this cause remains in full force and effect." While in some cases the absence of a separate document may defeat appellate jurisdiction, case 85–3462 is not among them.

Plaintiff could have appealed the Court's dismissal of the earlier suit. If it had any doubt as to appellate jurisdiction, the Railroad should have *promptly* requested entry of final judgment. *See Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir.1988) (party should ask court to enter Rule 58 judgment to insure jurisdiction on appeal). But it chose to do neither. Instead, Plaintiff filed this action and must bear the aftermath.

Accordingly, the motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) is DENIED.