**Donald R. SINGLETON**

v.

**SEARS, ROEBUCK & CO., et al.**

**Civ. A. No. 87–1092–B.**

United States District Court,
M.D. Louisiana.

Jan. 17, 1989.

John W. Fichtel, III, Walton J. Barnes, Baton Rouge, La., for Donald R. Singleton.

William B. Collier, Marks & Lear, Baton Rouge, La., for H. M. Cannon.

Sharon E. May, Baton Rouge, La., for Sears, Roebuck & Co.

Leu Anne Lester Greco, Greco & Greco, Baton Rouge, La., for Elmer B. Litchfield.

William J. Guste, Jr., Atty. Gen., State of La., pro se.

## RULING ON DEFENDANT LITCHFIELD'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This complaint arises out of the garnishment of a joint bank account owned by the plaintiff Donald R. Singleton and his wife. Plaintiff's wife became indebted to Sears, Roebuck & Company ("Sears") prior to her marriage to the plaintiff. When Mrs. Singleton failed to pay her debt, Sears obtained a judgment against her and satisfied the judgment by having the bank account garnished. This garnishment was effected by the issuance of a writ of fieri facias which was executed by a deputy employed by Elmer B. Litchfield, the Sheriff of East Baton Rouge Parish. Because no notice was given to the plaintiff regarding the seizure, plaintiff alleges the sheriff's actions constituted a violation of procedural due process. Plaintiff seeks an injunction against the execution of the writ, declaratory relief, and damages under 42 U.S.C. § 1983. Named as defendants are Sears, Sheriff Litchfield, H.M. "Mike" Cannon, Clerk of Court for East Baton Rouge Parish, and William J. Guste, Jr., Attorney General for the State of Louisiana.

Sheriff Litchfield now moves for summary judgment on the grounds that he cannot be held vicariously liable under section 1983 for the actions of his deputy. The sheriff contends that he had qualified immunity in performing a ministerial duty mandated by state law. For reasons which follow, Sheriff Elmer B. Litchfield's motion for summary judgment is granted.

The jurisprudence has consistently held that, with respect to section 1983 actions, an official may not be held liable for the actions of an employee under the doctrine of respondeat superior.[1] Sheriff Litchfield states in his sworn affidavit that he was not personally involved in the service of the writ at issue in this case.[2] Plaintiff does not contest this fact. Plaintiff argues that respondeat superior should apply because Sheriff Litchfield was sued in his official rather than his personal capacity. However, the cases do not support plaintiff's contention. The court specifically holds that the doctrine of respondeat superior does not apply in a section 1983 action regardless of whether the sheriff was sued in his personal or official capacity. Therefore, Sheriff Litchfield cannot be vicariously liable for the actions of his deputy under the facts of this case.

IT IS THEREFORE ORDERED, for the foregoing reasons, that defendant Sheriff Elmer B. Litchfield's motion for summary judgment be and is hereby GRANTED.

---

1. *See, e.g., Nagle v. Lee,* 807 F.2d 435, 440 n. 4 (5th Cir.1987): "[W]e hold that [a sheriff] is not vicariously liable under section 1983 for the acts of his deputies." *See also Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

