**GOSPEL MISSIONS OF AMERICA, a religious corporation; Erich Wagner, II; Ray Austin; Ron Barber; P.J. Bourbonnais; Jay Bowman, Jr.; William Campbell; Warren Daly; Edward Ebeling; Allan Gathungu; Douglas Gorden; Jeremy Harsh; Kel-**

vin Jackson; James Kahl; John D. Love; George Lownes; Michael Medford; John Proctor; James C. Roberts; James Rodgers; David Root; Donald Stach; James Vanderpoel; Brenda Wagner; Paul Winn; Thomas Wise; Ruth Washington; Ray Zedd, Plaintiffs–Appellants,

v.

CITY OF LOS ANGELES; Los Angeles Work Airports; Henry Acosta, as an individual and in his official capacity as Officer for the Airport Police Bureau; Shirley Flucus, as an individual and in her official capacity; Ronald E. Marbrey, as an individual and in his official capacity, Defendants–Appellees.

No. 00–55993.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Filed May 5, 2003.

James H. Fosbinder, Rhonda W. Fosbinder, Fosbinder & Fosbinder A Law Corporation, Kahului, HI, for the plaintiffs-appellants.

John M. Werlich, Office of the City Attorney, Los Angeles, CA, for the defendants-appellees.

Before GOODWIN, WALLACE and THOMAS, Circuit Judges.

## ORDER

The Opinion filed on August 8, 2002, appearing at 298 F.3d 1099 (9th Cir.2002), is withdrawn and replaced with the attached opinion.

With the revised Opinion, the panel has voted to deny Appellants' petition for rehearing. Judge Thomas has voted to deny the suggestion for rehearing en banc, and Judge Goodwin and Judge Wallace so recommend.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35(b).

The petition for rehearing and the suggestion for rehearing en banc are DENIED.

## OPINION

WALLACE, Senior Circuit Judge:

Gospel Missions of America (Gospel Missions) appeals from a summary judgment in favor of the City of Los Angeles (City) in an action stemming from the City's attempt to enforce against Gospel Missions an amended version of its charitable solicitations law. Gospel Missions argues that the City is in contempt of an injunction against the City's enforcement of certain provisions of the pre-amended version of that law and that the threatened enforcement of new provisions in the law would violate Gospel Missions' First Amendment rights.

The district court had jurisdiction under 28 U.S.C. §§ 2201–02, 1331 and 1343(a)(3)-(4). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.

### I.

The City regulates charitable solicitations. *See* Los Angeles, Cal., Muni Code (L.A.M.C.) §§ 44.00–44.15 (2002). The current version of the Los Angeles charitable solicitation law (Ordinance) requires all persons intending to solicit charitable contributions within the City to file certain information with the Los Angeles Police Department. *Id.* § 44.04. The Police Department then investigates the information provided and determines whether to issue an Information Card to the applicant. *Id.* § 44.02. No one may solicit charitable contributions in the City without an Information Card. *Id.* § 44.09. The City also imposes an additional set of requirements on "professional fundraisers." *Id.* §§ 44.14. Professional fundraisers are those who solicit charitable contributions on behalf of others for gain. *Id.* § 44.00(f).

Gospel Missions is a non-profit religious corporation that provides ministry and shelter to homeless individuals, who in turn solicit funds and share some of the proceeds with Gospel Missions. In 1992, five of its properties were raided by the Los Angeles County Sheriff's Department because the Sheriff's Department believed Gospel Missions might be violating City and County charitable solicitation laws.

In response to the raid, Gospel Missions filed suit against the City and Los Angeles County (County), challenging the City and County charitable solicitation laws. The district court entered summary judgment in favor of Gospel Missions and enjoined the City and County from enforcing numerous provisions of their respective laws. *Gospel Missions of Am. v. Bennett,* 951 F.Supp. 1429 (C.D.Cal.1997) (*GMA I*).

The City then amended the Ordinance (Amended Ordinance) in an attempt to comply with the *GMA I* injunction. Gospel Missions reluctantly complied with the Amended Ordinance's requirement that it obtain an Information Card before soliciting. Gospel Missions and the City agreed that the organization would not be considered a professional fundraiser. Gospel Missions then instituted this action (*GMA II*) with the expectation that its members would not be allowed to solicit funds upon the expiration of its Information Card in July of 2000.

At a *GMA II* status conference, the district court gave Gospel Missions thirty days to file a summary judgment motion. After the City filed its response to the motion, the court sua sponte granted summary judgment in the City's favor. On appeal, Gospel Missions argues (1) that the district court's sua sponte summary judgment for the City denied it a full opportunity to develop its claims; (2) that numerous provisions applying to professional

fundraisers in the Amended Ordinance are either in contempt of the *GMA I* injunction or are unconstitutional; (3) that the district court failed to address Gospel Missions' vagueness, overbreadth and equal protection arguments; and (4) that two of the non-professional fundraiser provisions in the Amended Ordinance—section 44.15 and section 44.02(b)(2)—are either in contempt of the *GMA I* injunction or are unconstitutional. We address each argument in turn.

## II.

Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment sua sponte against a moving party if the losing party has had a "full and fair opportunity to ventilate the issues involved in the matter." *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 312 (9th Cir.1982). The salient issues upon which the district court granted summary judgment were presented in the original motion. A fair examination of the record discloses that Gospel Missions had "a full and fair opportunity to ventilate the issues involved." *Id.* Therefore, the district court did not commit reversible error by acting sua sponte.

## III.

The district court determined that Gospel Missions does not have standing to challenge the Amended Ordinance's professional fundraiser provisions. L.A.M.C. § 44.14. We review de novo the district court's standing decision. *Tyler v. Cuomo,* 236 F.3d 1124, 1131 (9th Cir.2000). Gospel Missions argues that the district court is barred by claim and issue preclusion from determining that it does not have standing to challenge the professional fundraiser provisions because the district court in *GMA I* already determined that Gospel Missions had standing to challenge them.

## A.

In *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court described claim preclusion as "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit" and issue preclusion as "the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."

Since standing is not a "claim" but an "issue," Gospel Missions' real argument addresses issue preclusion. For issue preclusion to bar relitigation, the issues must be "identical," *Fund for Animals, Inc. v. Lujan,* 962 F.2d 1391, 1399 (9th Cir.1992), "actually litigated," and "necessarily decided." *United States v. Weems,* 49 F.3d 528, 532 (9th Cir.1995). We need not determine whether amending the ordinance makes the issues no longer identical because the second requirement has not been satisfied: Gospel Missions' standing to challenge the professional fundraiser provisions in *GMA I* was not "actually litigated." Gospel Missions did not challenge the professional fundraiser provisions in *GMA I* until it submitted its supplemental trial brief and, even then, neither party raised the standing question. Since the standing issue was neither framed in the pleadings nor contested by the parties in *GMA I*, issue preclusion does not bar the district court's standing decision. *Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1159 (9th Cir.2002) ("There was no actual litigation of any issue related to the breach of contract claim. . . . Thus, issue preclusion cannot attach. . . ."); *Weems,* 49 F.3d at 532 (applying issue preclusion

because, in part, the issue was "vigorously litigated" in the district court and it heard argument from both sides); 18 James W. Moore et al., Moore's Federal Practice § 132.03[2][c] (3d ed.2001) ("an issue that was not litigated or contested in the prior litigation is not subject to the doctrine of issue preclusion").

Not only is issue preclusion unavailable because the issue of standing was not "actually litigated," but issue preclusion is unavailable for a second, more fundamental reason. *GMA I* stated there was standing, and Gospel Missions therefore seeks to bar the City from arguing a lack of standing. To accept Gospel Missions' argument would raise the possibility that we lack jurisdiction though issue preclusion forces us to pretend to exercise it. Yet we cannot blindly assume we have jurisdiction. A court must always decide for *itself* its own jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Just as we would not give precedential effect to a "drive-by" jurisdictional determination by our or a higher court, *id.* at 91, 118 S.Ct. 1003, we would not give preclusive effect to *GMA I's* un-litigated jurisdictional statement.

### B.

■ We thus consider whether Gospel Missions has standing to challenge the professional fundraiser provisions of the Amended Ordinance. To have standing, Gospel Missions must show that it has suffered an "injury in fact," that its injury is "fairly traceable" to the City's actions, and that its injury will likely be "redressed" by this action. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ ■ Gospel Missions first argues that it has standing to challenge the professional fundraiser provisions because its members were deprived of the ability to solicit funds for approximately two months. While this may constitute an injury, it is not traceable to the professional fundraiser provisions of the Amended Ordinance. Gospel Missions members were threatened with arrest and therefore unable to solicit because they did not have an Information Card as required by the Amended Ordinance. Because the Information Card requirement is part of the general provisions of the Amended Ordinance, rather than its professional fundraiser provisions, the injury Gospel Missions alleges is not traceable to the professional fundraiser provisions. Gospel Missions cannot base its standing to challenge those provisions on its members' inability to solicit funds for the two month period.

■ Citing *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), Gospel Missions also argues that it has standing to challenge the Amended Ordinance's professional fundraiser provisions as being vague and overbroad. Just citing *Gooding* is not enough; Gospel Missions must also meet the requirements of "overbreadth standing": injury-in-fact and the ability to frame the issues in the case satisfactorily. *Clark v. City of Lakewood,* 259 F.3d 996, 1010–11 (9th Cir.2001); *4805 Convoy, Inc. v. City of San Diego,* 183 F.3d 1108, 1111–12 (9th Cir.1999). Gospel Missions lacks overbreadth standing to challenge the professional fundraiser provisions because these provisions do not apply to Gospel Missions, and it has not indicated its intent to become a professional fundraiser. *Convoy,* 183 F.3d at 1112–13 (holding the adult business lacks standing to challenge the license provisions because it "cannot assert that it will ever again be subject to the licensing provisions, because it has never indicated that it intends to pursue another license"). Gos-

pel Missions does not allege a credible threat that the City will later consider Gospel Missions a professional fundraiser. "[P]ersons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs." *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979), *quoting Younger v. Harris,* 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

■ Finally, Gospel Missions argues that it has standing to challenge the professional fundraising provisions of the Amended Ordinance because those provisions violate Gospel Missions' First Amendment right to hear speech or, in this case, to be solicited. This is not sufficient to establish Gospel Missions' standing to challenge the Amended Ordinance's professional fundraiser provisions because it alleges only a mere "possibility of future injury." 18 James W. Moore et al., Moore's Federal Practice § 101.40[7][b] (3d ed.2001); *see Whitmore v. Arkansas,* 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). Because Gospel Missions has not been injured by the City's professional fundraiser provisions, it does not have standing to challenge them.

■ We now turn to whether the City is in contempt of the *GMA I* injunction as it applies to professional fundraisers. The district court in *GMA I* enjoined the City from "*enforcing* those provisions of the [Ordinance] that are inconsistent with the First Amendment, as set forth in this Order." *GMA I,* 951 F.Supp. at 1455 (emphasis added). Since the City has not and does not intend to enforce the professional fundraiser provisions against Gospel Missions, it has not run afoul of the injunction. Therefore, there is no reason for us to decide in this case whether the amended professional fundraiser provisions would violate the injunction if enforced.

## IV.

The district court erred when it failed to address some of Gospel Missions' vagueness, overbreadth, and equal protection arguments. Insofar as Gospel Missions lodges these attacks against the professional fundraiser provisions, it lacks standing. Yet Gospel Missions also attacks sections 44.00(b) and (g), the definition of "charitable" and "soliciting," which it contends are unconstitutionally vague and overbroad as to who must obtain an Information Card. Gospel Missions also argues that these provisions violate equal protection.

■ The City argues that Gospel Missions is claim precluded from lodging these attacks because it could have, but failed to, raise these claims in *GMA I.* Claim preclusion bars from a second action a claim that could have been, but was not, brought in the first action. It applies where (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits. *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). In determining whether the prior litigation involved the same claim, we consider four questions: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Fund for Animals,* 962 F.2d at 1398. The fourth question is the most important. *Id.*

Claim preclusion does not bar Gospel Missions' constitutional attacks because

*GMA I* involved different rights and a different transactional nucleus of facts. Only after *GMA I* did the City assert that Gospel Missions was not a professional fundraiser but must nonetheless obtain an Information Card. It is this conduct that implicates the alleged vagueness and over-breadth of the definition, and it is this conduct that allegedly violates equal protection.

Had the City required a license, Gospel Missions would have "overbreadth standing" to challenge these provisions. Gospel Missions would suffer injury-in-fact because it is required to obtain a "license" to solicit. *Clark,* 259 F.3d at 1011 (adult cabaret showed sufficient injury-in-fact to challenge license provisions because absent the license, the business would be unable to engage in expressive activity). Gospel Missions could also satisfactorily frame the issues in the case. *See id.* (holding that the adult business can satisfactorily frame the issues on identical facts). We remand to the district court to determine whether the "Information Card" is the functional equivalent of a "license" and, if so, to consider Gospel Missions' vagueness, over-breadth, and equal protection challenge to sections 44.00(b) and (g).

## V.

Gospel Missions further argues that section 44.15 is either unconstitutional or in contempt of the *GMA I* injunction. Under section 44.15, the Police Department may endorse charitable organizations that meet certain requirements. Gospel Missions is incorrect that section 44.15 is in contempt of the *GMA I* injunction. *GMA I* did not address section 44.15.

██ Gospel Missions is claim-precluded from challenging the constitutionality of section 44.15 because it could have but did not raise this claim in *GMA I.* Unlike the challenge to the definitions of "charitable" and "solicitation," its current challenge to section 44.15 involves the same claim as the previous suit.

Gospel Missions asks us to announce an exception to res judicata when the claim involves a statute's unconstitutionality. There is no such exception, nor should there be one. The Amended Ordinance is not immunized from constitutional scrutiny; claim preclusion does not bar this claim from being raised by a non-party to *GMA I.* As far as the justice or the public policy of denying Gospel Missions to lodge its claim, the Supreme Court has emphasized, "There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (internal quotation marks and citation omitted); *see Ferris v. Cuevas,* 118 F.3d 122 (2d Cir. 1997) (applying New York law to hold claim preclusion bars a First Amendment claim).

Gospel Missions also argues that claim preclusion does not apply because twenty of the twenty-six individual plaintiffs in this case were not part of *GMA I.* Yet claim preclusion does not require these individuals to be parties; it is enough that they are in privity with a party. *Richards v. Jefferson County,* 517 U.S. 793, 798, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996).

██ Gospel Missions has admitted to this court and to the district court that it and all the individual members in this suit are either parties to or in privity with the parties to *GMA I.* First, Gospel Missions and the individual plaintiffs argued before us and the district court that the City is claim precluded from asserting several arguments. Only parties and their privies may obtain the benefits of res judicata. RESTATEMENT (SECOND) OF JUDGMENTS § 34(3) (1982); *Nagle v. Lee,* 807 F.2d 435,

440 (5th Cir.1987). By arguing it was entitled to benefit from res judicata, it admitted that it was a party to *GMA I* or in privity with the parties to *GMA I*. Second, in its appellate brief, Gospel Missions and the individual plaintiffs remarked that the individual plaintiffs who are members of Gospel Missions are in privity with the original plaintiffs. In its complaint, it alleged that all the individual plaintiffs are members of the organization, thus admitting these twenty individual plaintiffs are in privity.

We have discretion to consider a statement made in briefs to be a judicial admission, *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1180 n. 9 (9th Cir.2001) (appellate briefs); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir.1988) (trial briefs), binding on both this court and the trial court. *United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir.1991). Because Gospel Missions has never raised the issue of privity, the City relied on the statement as an admission, and Gospel Missions tried to benefit from the admission, we exercise our discretion and consider its statements to be a judicial admission of privity.

### VI.

We now address whether section 44.02(b)(2) of the Amended Ordinance is contrary to the *GMA I* injunction or unconstitutional. Section 44.09 in the Ordinance and Amended Ordinance prohibits the solicitation of charitable contributions without an Information Card. Under the Ordinance, section 44.02(e) required the Information Card to indicate:

(1) That same is issued as information for the public and is not an endorsement; or

(2) That same is an endorsement if (1) hereinabove is omitted and the Department endorses pursuant to Section 44.15 of this Article;

(3) The pertinent facts of the solicitation, including the commencement and termination dates;

(4) Any additional information which in the opinion of the Department will be of assistance to the public in determining the nature and worthiness of the solicitation.

In *GMA I*, Gospel Missions challenged the constitutionality of section 44.02(e)(4). 951 F.Supp. at 1445–46. *GMA I* determined that section 44.02(e)(4) was unconstitutional because it "plainly permits the Department to require disclosure of its own views concerning the 'nature and worthiness' of the solicitation, even if it is not explicitly stated as such." *Id.* at 1445. *GMA I* enjoined the enforcement of section 44.02(e)(4). *Id.* at 1455. Gospel Missions did not challenge sections 44.02(e)(1)-(3), and *GMA I* did not address these provisions.

In response to the injunction, the City deleted section 44.02(e)(4) and moved section 44.02(e)(1)-(3) to section 44.02(b)(2) in the Amended Ordinance. Amended Ordinance section 44.02(b)(2) is not contemptuous of the *GMA I* injunction because section 44.02(e)(4), the subject of the *GMA I* injunction, was deleted from the Amended Ordinance.

Gospel Missions challenges 44.02(b)(2), arguing that its requirement of a statement regarding endorsement and "pertinent facts" of the solicitation are unconstitutional. Gospel Missions is claim precluded from doing so. It could have, but failed to, raise these arguments regarding section 44.02(e)(1)-(3) in *GMA I*. Though the City amended the ordinance by moving sections 44.02(e)(1)-(3) to section 44.02(b)(2), the prior litigation involves the same claim, the second requirement for claim preclusion. The only thing that changes is whether the challenged provision is called "subsection (e)" or "subsec-

tion (b)." The same evidence, the same right, and the same transactional nucleus of facts are involved. *See Fund for Animals,* 962 F.2d at 1398 (listing the issues for determining whether the second litigation presents the same claim).

It is also no answer to suggest that the City only recently "seriously enforced" these provisions. Even if the City did not enforce these provisions before, because of the relaxed standing doctrines available to free speech claims, Gospel Missions could have attacked section 44.02(e)(1)-(3) before the City enforced these provisions. There is no new claim; instead there is a new fact supporting an old claim. "An action that merely alleges new facts in support of a claim that has gone to judgment in a previous litigation will be subject to claim preclusion." 18 James W. Moore et al., Moore's Federal Practice § 131.21[1] (3d ed.2001); *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1202 (9th Cir.1982) (claim preclusion applies though the plaintiff uncovered an additional falsehood in its unfair competition claim; the new fact did not arise out of a different transactional nucleus of facts and therefore did not create a new claim).

### VII.

Gospel Missions also argues that the City's enforcement efforts constitute an illegal custom or policy under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The district court should address this *Monell* argument if it determines that sections 44.00(b) or 44.00(g) are unconstitutional.

AFFIRMED IN PART, VACATED IN PART AND REMANDED. Each party shall bear its own costs in this appeal.