United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-11182
Summary Calendar

**JAMIE DILLARD LAM,**

Plaintiff-Counter Defendant-Appellant,

versus

**THOMPSON & KNIGHT, A Texas Limited Liability Partnership,**

Defendant-Counter Claimant-Appellee,

**LISA FULLER, An Individual Defendant; ERIC REIS, An Individual
Defendant,**

Defendants-Appellees.

---

**Appeal from the United States District Court
for the Northern District of Texas
(3:02-CV-2666)**

---

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jamie Dillard Lam appeals the summary judgment awarded
defendants in this diversity action. Lam and some of her sisters
had retained Thompson & Knight (T&K) to represent them for an
Oklahoma action involving their father's estate and trusts created
for their benefit at his death. Lam claimed, *inter alia*, that T&K
breached the contract by demanding fees not provided by their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Engagement Agreement with T&K. It counterclaimed for its fees and moved for summary judgment. Judgment was awarded T&K.

Lam does not appeal the summary judgment against her malpractice claim. She contends only that, under the terms of the Engagement Agreement, T&K could not claim fees in excess of the retainer amount unless a corporate trustee was appointed and there was a distribution of funds according to the trust instruments. She contends that, because the trusts were terminated as a result of the settlement of the Oklahoma action and a corporate trustee was never appointed, T&K was not entitled to the claimed excess fees.

A summary judgment is reviewed *de novo*. *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). Such judgment is appropriate only if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). The nonmovant may not rest upon mere allegations or denials in the pleadings, but must present affirmative evidence showing the existence of a genuine issue for trial. *E.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Under Texas law, "[t]he elements of a breach of contract action are (1) the existence of a valid contract; (2) performance *or tendered performance* by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the

2

plaintiff as a result of the breach". ***Dorsett v. Cross***, 106 S.W.3d 213, 217 (Tex. App. 2003) (emphasis added). "[W]hen a contract has been substantially performed and an attempt to complete performance has been refused, the refusal excuses any further attempt to perform by the party offering performance and entitles that party to recover under the contract." ***Id***. at 217-18.

The affidavit of T&K's lead attorney and the e-mail correspondence between her and one of Lam's sisters is competent summary-judgment evidence that T&K secured a corporate trustee but that the sisters had elected not to set up a trust and instead to take the assets of the trusts outright. Lam did not respond to the summary-judgment motion. Because the summary-judgment evidence shows that T&K substantially performed the contract and that its attempt to complete performance was refused, judgment for T&K was proper.

Neither party relies on the district court's alternative rationale that the engagement agreement was ambiguous; therefore, we do not consider it. Nor do we consider Lam's newly raised claim that the amount of fees claimed by T&K is incorrect, or the issues raised for the first time in her reply brief. *See* ***Stephens v. C.I.T. Group/Equip. Fin. Inc.***, 955 F.2d 1023, 1076 (5th Cir. 1992); ***Varnado v. Lynaugh***, 920 F.2d 320, 321 (5th Cir. 1991). We **MODIFY** the second amended final judgment to reflect that the dismissal of Appellants Lisa Fuller and Eric Reis is **WITHOUT PREJUDICE**; those

3

defendants were named in an amended complaint but never served with process.  *See* FED. R. CIV. P. 4(m); ***Nagle v. Lee***, 807 F.2d 435, 438 (5th Cir. 1987); *see also* ***Southmark Corp. v. Life Investors, Inc.***, 851 F.2d 763, 774 (5th Cir. 1988).

***AFFIRMED AS MODIFIED***

4