13-3002-cv
*Hirsch v. Rochester City Police Department*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fourteen.

PRESENT:   JOSÉ A. CABRANES,
                     RAYMOND J. LOHIER, JR.,
                              *Circuit Judges,*
                     PAUL A. ENGELMAYER,[*]
                              *District Judge.*

_____

NICHOLAS J. HIRSCH,

    *Plaintiff-Appellant*,

      -v.-                                                              No. 13-3002-cv

ROCHESTER CITY POLICE DEPARTMENT, *ET AL.*,

    *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**        Nicholas J. Hirsch, *pro se*, Rochester, NY.

**FOR DEFENDANTS-APPELLEES:**      No Appearance.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge.*).

_____

[*] The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part, **VACATED** in part, and the cause is **REMANDED** for further proceedings consistent with this order.

Appellant Nicholas Hirsch, proceeding *pro se*, appeals from the District Court's judgment dismissing his lawsuit *sua sponte* and imposing a leave-to-file sanction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's *sua sponte* dismissal of a complaint *de novo*. *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d. Cir 2013). *Pro se* submissions are generally reviewed with "special solicitude," and we interpret those submissions to raise the strongest claims suggested. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). District courts should generally not dismiss a *pro se* complaint without granting leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is unnecessary if amendment would be futile, *see id.*, or if the plaintiff "is an extremely litigious [litigant] who is quite familiar with the legal system and with pleading requirements," *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994).

Hirsch argues that the District Court erred in dismissing his complaint for his failure to respond to its order to show cause because he timely responded. Hirsch is correct, but remand is unwarranted. Res judicata barred his claims against the City of Rochester, the Rochester City Police Department, Officer Michael Johnson, and Officer Samuel Ognibene, as these defendants were all listed in Hirsch's previously-dismissed complaint. *See* Second Amended Complaint, *Hirsch v. City of Rochester*, No. 6:11-CV-6381 (W.D.N.Y. Feb. 17, 2012), ECF No. 56; *see also Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284-91 (2d Cir. 2000) (barring constitutional claims under the doctrine of res judicata). However, although Hirsch's previous complaint also listed six "John Does," it did not specifically list Officer Nina Nowack. His claims against Nowack were therefore not barred by res judicata. *Cf. Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987) (ruling that fictitiously named officers were not entitled to benefit of res judicata where they did not appear in the prior action and were never served). Nonetheless, Hirsch's most recent complaint failed to allege any facts suggesting that Nowack violated his federal or constitutional rights. Moreover, affording Hirsch an opportunity to amend would have been unnecessary in light of the litigant's history. The District Court's prior orders repeatedly and explicitly explained that complaints containing only conclusory legal assertions warrant dismissal. *See Davidson*, 32 F.3d at 31.

Turning to the leave-to-file sanction, we review a sanction order for an abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991); *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 306-07 (2d Cir. 2014). As the Supreme Court has noted, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. A court, however, may impose a filing injunction if confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation . . . or a failure to comply with sanctions imposed for such conduct." *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 39 (2d Cir. 1995) (quoting

2

*Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987)). A "court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)). Here, Hirsch timely objected to the District Court's order to show cause why a leave-to-file sanction should not be imposed. That objection, however, was mistakenly docketed in another of Hirch's actions. Pl.'s Resp. & Cover Ltr., *Hirsch v. City of Rochester*, No. 6:12-CV-6525 (W.D.N.Y. Apr. 15, 2013), ECF Nos. 7-8. Because the District Court did not consider this objection, the sanction order is vacated, and the cause is remanded in order to provide Hirsch with an opportunity to be heard on this question. Of course, we intimate no view on whether the order would be appropriate in the circumstances presented.

We have considered Hirsch's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** the cause for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3